## B. E. MOORE v. JOHN H. KIRBY.

### Decided November 2, 1908.

**1.—Trust—Evidence.**

The issue being whether or not a certain deed, although absolute in form, was intended by the parties thereto to convey the land in trust for the grantor, and the grantor having testified that such was the purpose in executing the deed, it was competent for the grantee to testify to the contrary, and to disprove the statement of the grantor by any proper evidence.

**2.—Deed—Proof by Parol.**

While the deed itself is the best evidence, and ordinarily the only competent evidence, of a conveyance of land, still, when a defendant in a cross-action alleges that he executed a deed to the plaintiff, or to one under whom the plaintiff claims, and the proof of this allegation is necessary to make his case, he can not complain that the plaintiff was allowed to testify that such a deed had been made.

**3.—Estoppel—Evidence.**

The issue being whether or not a certain deed was in trust or in fee simple, a letter by the grantor to the grantee stating, in effect, that the conveyance was in fee simple, was competent evidence upon a plea of estoppel.

**4.—Trial—Opening and Concluding.**

In the absence of a bill of exception showing that a request by defendant to be allowed to open and conclude the argument in a trial was called to the attention of the court, and that the request was refused by the court, an assignment of error based upon an alleged refusal of said request, can not be considered.

Appeal from the District Court of Tyler County. Tried below before Hon. W. B. Powell.

*J. J. O'Fiel* and *B. E. Moore,* for appellant.

*Joe H. Eagle* and *J. A. Mooney,* for appellee.

McMEANS, ASSOCIATE JUSTICE.—Appellee John H. Kirby sued the appellant B. E. Moore on a promissory note for $800 and to foreclose a deed of trust on a tract of land in Tyler County, given as security for the payment thereof.

Appellant pleaded payment by him of the notes in question by the conveyance to Kirby of 320 acres of the Collier headright; and, by way of cross-bill, further pleaded that in October, 1896, he had conveyed, or caused to be conveyed, to Kirby, or W. L. Moody & Co., a tract of 1,476 acres of land in Hardin County, known as the Washington R. Griffin headright survey, in trust and only in trust, with the understanding that Kirby should sell the land at the best price obtainable, and of the proceeds of the sale he should retain the amount of a debt due by appellant to him, which arose by reason of Kirby having endorsed and thereby becoming liable upon a note made by appellant to W. L. Moody & Co., which appellant alleged to be about $3,000, and the balance should be turned over by Kirby to appellant; that such trust relationship existed over said land as long as Kirby retained it, and over the proceeds after he sold it; that Kirby sold the land for $30 per acre, which netted a sum sufficient to pay the debt and left a remainder in Kirby's hands in excess of $40,000; that appellant had at different times paid to Kirby certain sums of money to be applied as a credit on the sum Kirby had become liable to pay for appellant to W. L. Moody & Co. Appellant prayed that an accounting be had, that he have judgment against Kirby canceling the note sued on, and for the balance due him by Kirby of the proceeds of sale of the Griffin and Collier tracts after paying the Moody & Co. debt.

Appellee Kirby, by way of replication, denied that the Collier tract was deeded by Moore to him in payment of the $800 note sued on, and specially denied that the Griffin tract was conveyed to him in trust for any purpose, and, in special answer to the allegation to the effect that said Griffin 1,476 acres was conveyed by Moore to him in trust, Kirby set up the general status of the business affairs of Moore with him, to the general effect that, over and above the $800 note forming the basis of this suit, Moore owed him more than $1,800 open-account indebted-

ness for accommodation loans, and that he had paid to Aldridge for Moore more than $600, and the de Shazo claim for about $900, and had endorsed Moore's note to Moody for about $4,500, which had matured, and that Moody had sued Moore as maker, and Kirby as surety thereon, and obtained judgment, which was abstracted in different counties in Texas where Kirby had property, thus legally requiring him to discharge the judgment, and, in that connection, that Moody refused to release said judgment without satisfactory security, and that, as such security, Moore caused the Griffin 1,476 acres of land to be deeded to Moody as security for said debt, and that thereupon Moore proposed to Kirby that, if Kirby would pay Moody's judgment of about $4,500, Moore would cause Moody, upon the payment of same, to deed said Griffin 1,476 acres to Kirby in repayment of said sum, as Kirby's property absolutely, and that Kirby paid Moody $4,539.65 for Moore, and in satisfaction and reimbursement Moody, at the instance and request of Moore, deeded the said tract of land to plaintiff; and that said transaction by which the title to the Griffin 1,476 acres went from Moore into Kirby was not a trust in any sense, but that the same was a sale absolute, and that Kirby owed Moore no sum of money consequent thereon.

Thereafter appellant, by his amended answer, alleged that the $800 note sued on had been paid long prior to the filing of the suit, and further, that Kirby having endorsed a note for him to W. L. Moody & Co. for the principal sum of $3,600, appellant sold his stock of merchandise to Votaw, taking as pay a special warranty deed from Votaw for the Griffin 1,476 acres, and that, for the purpose of securing Kirby against loss by reason of the latter's endorsement of the Moody & Co. note, he forwarded said deed to Kirby, and that Kirby afterwards caused Votaw to deed said land to Moody, to which Moore assented after the fact was explained to him; that Moody held said land in trust, and not by title absolute, and only as additional security for the payment of the note endorsed by Kirby; that Moore caused a deed to the Collier 320 acres and the Baker 160 acres to be executed to Kirby, the price of which, less a small sum due by Moore for the purchase money, which Kirby assumed, and a small amount in cash which Kirby paid to Moore, was agreed to be applied to the Moody & Co. debt.

By supplemental petition appellant specially excepted to so much of appellee's answer as set up the open-account indebtedness alleged by Kirby to be due him from Moore, the ground of the exception being that the petition failed to show when or to whom the alleged payment of money for Moore was made, and specially pleaded the statute of frauds as to the de Shazo claim for $900.

On such state of pleadings the case went to trial before a jury, and resulted in a verdict for appellee for the principal and interest of the note sued on and foreclosure of the deed of trust, and that appellant take nothing by his cross-bill. Appellant's motion for new trial having been overruled, he duly perfected this appeal.

The evidence justifies the following findings of fact: There had been a course of dealing between the parties for many years, consisting in the main of loans of money and other favors by Kirby to Moore, one of the loans being $800, which forms the basis of this suit. These transactions were numerous, and were continued after Moore had become

financially involved, and so little expectation was then entertained by Kirby of repayment that he ceased to set down the item of certain loans in his account book, except only the loan sued on, which was closed by note and secured by a deed of trust on real estate. At the solicitation of Moore, Kirby endorsed Moore's note to W. L. Moody & Co. for $3,600, the proceeds of which went to the purchase of a stock of merchandise by Moore, to be under Moore's exclusive ownership at Woodville. The Moody note matured, and Moore not being able to pay same, suit was instituted thereon by Moody against Moore and Kirby, and judgment recovered thereon against both in the sum of more than $4,500, and an abstract of this judgment was duly recorded in all the counties in which Kirby owned land. Moore, desiring to protect Kirby against the payment of the judgment as far as he could, being at the time insolvent, traded the remnant of his stock of goods for a title C. M. Votaw had to the Griffin survey of 1,476 acres in Hardin County, which the parties appear to have regarded at that time to be worth about $3,000, and Votaw made and delivered his deed to Moore therefor, and Moore sent the deed to Kirby, to be used by the latter in such a way as Kirby saw fit for his protection against the payment of said judgment. Kirby at the time had paid a part of the judgment, and afterwards, to induce Moody to release his property from the judgment lien, offered to pay Moody $500 every ninety days until the judgment could in this manner be discharged, and this was assented to by Moody with the understanding that the Griffin tract should be included as additional security. In the meantime Kirby had sent to Votaw the deed executed by him to Moore, and before the transaction between Kirby and Moody, just related, the deed had been destroyed by fire which burned the desk in which Votaw had placed it. Kirby, with Moore's consent, directed that Votaw execute and deliver a deed to Moody conveying the land to Moody, and this was done, the deed being one of general warranty and the recited consideration being $25, the agreement between all parties being that the title should stand as additional security for Moody's judgment. Kirby afterwards paid off Moody's judgment in full. Afterwards, on July 7, 1900, Moore wrote to Moody the following letter:

"Col. W. L. Moody,
    "Galveston, Texas.
    "Dear Sir: Several years ago C. M. Votaw at my request conveyed to you the Washington R. Griffin 1,476 acres of land in Hardin County. This land was conveyed to you as part security for a debt which I owed you and upon which debt you had obtained judgment, both against myself and against my surety, Mr. Jno. H. Kirby, of Harris County, Texas. I had an agreement with Mr. Kirby under which, if I failed to pay the debt and he paid it, the land was to be conveyed by you to him. Mr. Kirby has paid that debt and is entitled to receive conveyance to the land. You will therefore please convey it to him, as I have no interest therein and have never had."

By the authority conferred in the foregoing letter Moody conveyed the land to Kirby.

When Moore sold to Kirby the 320-acre Collier survey, the 160-acre Baker survey, and when he made certain other payments to Kirby shown

by the evidence, he did not direct Kirby to apply the proceeds of the sale or the payments to either the note for $800 or to the Moody note, nor did he direct the application of said payments, and Kirby in fact applied the same to the payment of the open-account indebtedness due him by Moore.

Whether Kirby held the title to the Griffin survey in trust for Moore was a question which was submitted to the jury by an accurate charge; and the jury's verdict, finding against Moore, settles that issue adversely to appellant's contention.

The verdict also settles in favor of appellee his contention that the proceeds of the sale of the 320-acre Collier survey and of the 160-acre Baker survey, as well as other sums paid by appellant to him, were properly applied to indebtedness due by appellant to him other than the $800 note sued on and the note of W. L. Moody & Co.

By his first assignment appellant complains that the court erred in permitting appellee to testify, over objection, that appellant told him that if he, appellee, would pay the Moody debt, he could have the land. The assignment can not be sustained. The pleadings of both parties raised the issue of whether the deed from Moody to Kirby vested the title to the land in the latter in trust for Moore, or whether said deed vested in Kirby the absolute title. Moore having testified that the land was deeded to Kirby in trust only, it was competent for Kirby to contradict this statement, if he could, by proper evidence showing that the true intent of the parties was otherwise.

By his second assignment appellant complains of the action of the court in permitting appellee to testify, over the objection that there existed better evidence, that Moody had conveyed to him the Griffin survey of land. While the deed itself was the best evidence, and ordinarily, where it can be produced, is the only proper evidence of the conveyance of land from one person to another, still we think that if it was error to admit the evidence it was not an error of which appellant can complain. He himself had alleged that the land had been conveyed to Moody or Kirby, and that, after being so conveyed, was held by the grantee in trust. It was a part of his case to prove the conveyance as alleged, and he, having failed to do so, can not complain that his adversary had done so for him, and thus supplied testimony of a fact necessary to be proved in attempting to make out the case alleged by him in his cross-action. The assignment is overruled.

By the thirteenth assignment appellant complains that "the court erred in admitting in evidence the letter of July 7, 1900, from Moore to Moody (hereinbefore set out), because it had been shown that Moody held the land in trust for defendant; that the letter was written by Kirby at Houston, and sent to Moore at Beaumont, and it could not deceive him; that it was not sufficient to pass out of defendant the title to said land."

The introduction of the letter was not objected to when offered, nor was any bill of exception to its admission reserved. The assignment will not therefore be considered. But, should we consider it for any purpose, a sufficient answer to it would be that the letter was not introduced for the purpose of showing that the letter itself passed the title out of

defendant and into Kirby, but on the general issue of estoppel pleaded by Kirby.

Nor was it error for the court to refuse to give defendant's special charge No. 2, as complained of in the nineteenth assignment. The requested charge assumed as true facts which the jury were necessarily required to decide, and was, therefore, upon the weight of the evidence.

The seventeenth assignment is as follows: "The court erred in refusing defendant the right to open and conclude the argument in this cause, defendant having filed admission of plaintiff's claim unless defeated by payment." No bill of exception was reserved to the alleged action of the court, nor does the record otherwise show that the request was in any way disposed of. The assignment can not be considered.

Other assignments presented in the brief of appellant have been considered by us, and we are of the opinion that there is no reversible error shown in any of them. The judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.