**William O'DONELL, Jr., Appellant,**

v.

**Hugh Cole PRESTON et al., Appellees.**

No. 15803.

Court of Civil Appeals of Texas.

Fort Worth.

April 5, 1957.

Rehearing Denied May 3, 1957.

John D. Voss, Elkhorn, Wis., Jones, Parish & Fillmore, and Stanley C. Kirk, Wichita Falls, for appellant.

Irvin J. Vogel, Wichita Falls, for appellees.

BOYD, Justice.

Appellant William O'Donell, Jr., sued appellees Hugh Cole Preston and Hugh Cole Preston, Jr., for damages to a milk tank which collapsed as a result of the alleged negligence of appellees in unloading it at their place of business in Wichita County. Upon a jury verdict, judgment was rendered that appellant take nothing.

Appellant alleged that the reasonable cost of necessary repairs in Wichita County, including materials and labor, was $2,396; that because of damage to the tank, he was compelled to rent another tank for twenty-one days at the reasonable cost of $15 per day; that in the alternative, the repairs could not be made in Wichita County, and the nearest places where they could be made were New Orleans, Louisiana, and Milwaukee, Wisconsin; and that the reasonable cost of repairs "in such places are the same cost as similar repairs would be in Wichita County, Texas."

The jury found that: the tank was under the exclusive control and management of appellees when it was damaged; appellees were negligent in unloading the tank on the occasion in question, which negligence was a proximate cause of the damages; appellees failed to vent the tank, and such failure was negligence and a proximate cause of the damages; the cost per day of renting such a tank in Wichita County was $15; the jury answered "None" to the issue as to the reasonable cost in Wichita County of necessary repairs to the tank; and answered "None" to the issue as to the number of days which would be a reasonable length of time to make necessary repairs to the tank in Wichita County. All contributory negligence issues were answered favorably to appellant.

The tank was repaired in Milwaukee, Wisconsin. The man who was in charge of the repair job testified: it required use of 128 square feet of Styrofoam insulation at $1.11 per square foot; 388 square feet of fiber glass insulation at 20 cents per square foot; one deck plate which cost $65.02; three stainless steel rings which cost $33 each; one safety walk pad which cost $9.90; sixteen channel stiffeners which cost $60; twenty-four angle stiffeners which cost $50.40; prime and finish paint which cost $6; ten pounds of lead at $1.10 per pound; nuts, bolts and washers which cost $15; it required 372 hours of labor to repair the tank at $5 per hour; the labor and materials were necessary and the prices paid for same were reasonable.

The witness Dalton testified that: he was an independent appraiser in Wichita Falls, specializing in appraising "automobiles, trucks, tractors, and so forth," and often appraised "anything mechanical"; he was familiar with the cost of various metals and the cost of labor, including acetylene and electric welding, in Wichita County; he had never appraised a milk tank, but construction work on this milk tank was very similar to that on oil and water tanks. When asked about the cost of certain materials in Wichita County, he said: the cost of Styrofoam insulation varied from time to time and place to place, but that $1.11 per foot would come within the range with which he was familiar; fiber glass insula-

tion would cost from 15 to 25 cents per foot; stainless steel rings such as were used in the tank would cost from $35 to $40 each; the angle stiffeners would cost from 15 to 25 cents per foot; the stainless steel stiffeners would cost from $1.25 to $1.50 per foot; so far as he knew, the deck plate could not be bought in Wichita County, and since its manufacture would require special tools, it might cost $150 or more to make it; lead would cost $1 per pound; labor for welding gas and water tanks was $5 per hour, and it would require a higher degree of skill to weld stainless steel and aluminum; he said, "I would say not one out of ten who do oil-field construction can weld stainless steel, and not one out of a hundred can weld aluminum."

Appellee Hugh Cole Preston, Sr., testified that appellant's tank-truck driver told him that another milk tank belonging to his employer had been " 'pulled in like this, about like that, a short time back', said, 'It cost $600.00.' " Hudspeth, called by appellees, testified that his employer used milk tanks made by the same manufacturer who made the tank in question, and that one was "pulled in," and "We got hydraulic jacks— * * *. Just taken hydraulic jacks and boards and jacked it back out," and the tank was put back in service.

Appellees contend that appellant was not entitled to recover because there was no proof of the cost of repairs in Wichita County, and that a judgment for rental value of the tank could not be entered because there was no evidence that the repairs could be made in Wichita County, and the evidence showed that they could not be made in that County, and therefore the jury properly answered "None" to the issue as to the number of days it would take to make the repairs in Wichita County.

■ When personal property is damaged, and is susceptible of being restored to its former condition, the reasonable cost of repairs as well as the value of the use of the property during the period requisite to making the repairs may be recovered by the owner. 13 Tex.Jur., p. 145, sec. 53; Milby Auto Co. v. Kendrick, Tex.Civ.App., 8 S.W. 2d 743; Chicago, R. I. & G. Ry. Co. v. Zumwalt, Tex.Com.App., 239 S.W. 912; Texas Power & Light Co. v. Hale, Tex.Civ. App., 276 S.W. 746.

■■ Where there is no market value at the time when and place where the damages occur, proof may be given of the market value at other times and places, with other facts which will enable the jury to deduce the value at the time and place in question. Within what range as to time and place the evidence shall be confined must often depend on the circumstances of the case and be in the discretion of the trial judge. 15 Am.Jur., p. 787, sec. 349; Jones v. Morgan, 90 N.Y. 4, 43 Am.Rep. 131; Comer v. Way, 107 Ala. 300, 19 So. 966, 54 Am.St.Rep. 93. It is not essential to the purposes of justice that the evidence be such that the jury may find with precise accuracy the market value of or the extent of damage to property. Jones v. Morgan, supra; 13 Tex.Jur., p. 456, sec. 272; Powell Salt Water Co. v. Bigham, Tex.Civ.App., 69 S.W.2d 788.

It has been said that the only inflexible rule as to the measure of actual damages is the rule of compensation. Stephenville, N. & S. T. Ry. Co. v. Baker, Tex.Civ.App., 203 S.W. 385. "It is an axiom of the law that a party injured is entitled to damages commensurate with the injury sustained. * * the courts should not be bound by an inflexible and unvarying rule as to the measure of damages that should apply alike in all cases, but, keeping in view the just principle of compensation, the measure of damages should be adjusted to the facts of the particular case, * * *." Moore v. King, 52 Tex.Civ.App. 200, 23 S.W. 484.

■ If appellant must be held to the burden of showing the cost of repairs to his tank in Wichita County, we think there was substantial evidence from which the jury

·could with a fair degree of accuracy determine that cost, and there was some evidence upon which a finding could be made as to the number of days it would require to make said repairs in that County.

 Under the evidence in the case, it is difficult to understand how it would require no time and no cost to repair in Wichita County the severely damaged milk tank which, according to all the evidence, is a complicated mechanism, and we are forced to conclude that such findings are not supported by and are contrary to the evidence.

There is in the record a statement signed by appellees' attorney and approved by the trial judge, to the effect that in the verdict first returned the jury had answered "Unknown" to the issues as to the cost of repairs, and the number of days required to make the repairs, in Wichita County; and that the court, upon the agreement of counsel, " 'changed the form of the answer to read: "Answer in dollars and cents as you may find, or none" ' ", and that the court asked the jury to retire and consider their verdict; whereupon, after further deliberation, the jury returned the verdict with the "None" answers complained about. Appellees say that if any error is shown in this connection, appellant invited it by agreeing to such procedure. We do not think that by agreeing to instructions as to alternative forms of answers to the issues given, appellant is bound by the answers actually made. However, the instruction, "Answer in dollars and cents, if any, as you may find, or none", was not appended to the issue as to the number of days it would require to repair the tank in Wichita County. The instruction there was, "Answer in number of days, if any, as you may find."

Appellant further contends that the "None" answers are in conflict with the answers that the negligence of appellees proximately caused the damages to the tank. In view of our disposition of the appeal, it is deemed unnecessary to determine this question. But we do think the situation here is somewhat analogous to that in Gruy v. Reiter Foster Oil Corporation, Tex.Civ.App., 150 S.W.2d 842, where it was held that the answer "None" to the issue as to lessor's damages conflicted with other answers that lessees failed to develop an oil lease, and that oil could have been found in paying quantities had they drilled to certain sands.

In the case cited and in the case at bar, the difficulty might have been in finding the precise amount of damages. But such difficulty does not justify the rather precise answer, "None", when all the evidence shows a substantial if unprecise amount.

The judgment is reversed and the cause remanded.