**H. J. GARRISON, d/b/a Garrison Electric, Appellant,**

v.

**J. R. DUNAWAY, Appellee.**

**No. 7895.**

Court of Civil Appeals of Texas.

Texarkana.

April 8, 1969.

John D. Raffaelli, Raffaelli, Lee & Hawkins, Texarkana, for appellant.

Bun L. Hutchinson, Atchley, Russell, Hutchinson & Waldrop, Texarkana, for appellee.

DAVIS, Justice.

Plaintiff-appellee, J. R. Dunaway, sued defendant-appellant, H. J. Garrison, d/b/a Garrison Electric, to recover the amount claimed to be due to complete the electrical work in a fourteen-unit apartment house under a certain contract and according to plans and specifications. Appellee claimed that the contract was made in writing and according to written plans and specifications. Appellant claimed the contract was made on oral specifications and incomplete plans. Appellee alleged that the cost to complete the units was $2,716.05. Appellant alleged that if he was indebted to appellee in any amount it did not exceed $50.50.

The case was tried before a jury. Only two special issues were submitted. The special issues, and the jury's answers thereto, read as follows:

"SPECIAL ISSUE NO. 1

"Do you find from a preponderance of the evidence that the defendant failed to perform the contract in question in accordance with the terms of his proposal?

Answer "he failed" or "he did not fail".

Answer: He Failed.

*    *    *    *    *    *

"SPECIAL ISSUE NO. 2

"What sum of money, if any, do you find from a preponderance of the evidence would be reasonably and necessarily required in order to fulfill the requirements of the contract under the terms of the defendant's proposal, after the defendant had completed his work?

"Answer in dollars and cents, if any.

Answer: $1,000.00".

Appellee filed a motion asking the trial court to disregard the jury's answer to Special Issue No. 2 because such answer has no support in the evidence, and to enter judgment for appellee for the sum of $2,716.05. The trial court granted this motion.

Appellant filed a motion for new trial which was overruled. Appellant has perfected his appeal and brings forward four points of error. He says the trial court erred in granting judgment non obstante veredicto because: There were no such findings in that amount of $2,716.05; it was a disputed fact issue; there was evidence of probative value introduced that the amount of damages sustained by appellee, if any, was $50.50 or less; and, there being no evidence to support the findings of the jury, the trial court was in error in not granting a new trial.

There was positive and conflicting evidence offered by both the appellant and the appellee about the contract being in writing and being oral. The trial court did not inquire whether or not the contract was in writing, nor whether or not any written plans and specifications were furnished to appellant prior to the time he gave appellee the written letter that he would do the job according to plans and specifications. There were written plans and specifications offered into evidence by appellee. Appellant offered a lot of proof that the plans and specifications were oral and the foreman of appellee told the electricians how to wire the building. The evidence is grossly conflicting. There was no evidence to support the jury finding to Special Issue No. 2 in the amount of $1,000.00. There was insufficient evidence to support a jury finding in the amount of $2,716.05; or $50.-50. That being the case the trial court should have granted a new trial. Arrington v. Paschall, Tex.Civ.App., 1961, 352 S.W.2d 866; Leyva v. Pacheco, S.Ct., 1962, 358 S.W.2d 547.

The trial court should have granted a new trial because the verdict of the jury did not conform to the evidence. Edmondson v. Kelber, Tex.Civ.App., 1966, 401 S.W.2d 718, N.W.H.; O'Donell v. Preston, Tex.Civ.App., 1957, 301 S.W.2d 288, w. r., n. r. e.; South Plains Ready Mix, Inc. v. McDermett, Tex.Civ.App., 1954, 278 S.W.2d 575; 17 Tex.Jur.2d, 406, § 332.

It would not have been proper for the trial court to grant a motion for an instructed verdict. Therefore, it was not proper for the trial court to sustain a motion for a judgment non obstante veredicto. There was a fact issue raised that would support a jury finding for the appellant or the appellee. Brooks v. Taylor, Tex. Civ.App., 1962, 359 S.W.2d 539, w. r., n. r. e.; Collier v. Bankston-Hall Motors, Tex. Civ.App., 1954, 267 S.W.2d 898, N.W.H.; 33 Tex.Jur.2d 583, § 74; Hays v. Nelson, Tex.Civ.App., 1966, 400 S.W.2d 12, N.W.

H.; Sanders v. Harder, 1950, 148 Tex. 593, 227 S.W.2d 206. The points are sustained.

The judgment of the trial court is reversed and remanded.