Jesus B. CASTANON, Appellant,

v.

Nancy MONSEVAIS, Appellee.

No. 04–84–00288–CV.

Court of Appeals of Texas, San Antonio.

Dec. 11, 1985.

Michael P. O'Reilly, Corpus Christi, for appellant.

Balademar Gutierrez, Alice, for appellee.

Before ESQUIVEL, CANTU and DIAL, JJ.

## OPINION

CANTU, Justice.

This is an appeal by Petition for Writ of Error from a default judgment entered in favor of the appellee and plaintiff below, Nancy Monsevais. Appellant, Jesus Castanon, although duly served, made no appearance or answer, and did not otherwise participate in the trial below.

Monsevais filed suit against Castanon seeking damages resulting from an automobile accident on July 15, 1983, in Jim Wells County, involving Monsevais and Castanon. Monsevais alleged that Castanon was negligent in following too closely to Monsevais' automobile, in failing to keep a proper lookout, and in failing to apply his brakes so as to avoid the accident. After Castanon failed to answer, a default judgment was entered awarding Monsevais damages in the amount of $52,722.69. Castanon appeals from this default judgment.

■■■ A default judgment operates as an admission of the material facts of the plaintiff's petition, except as to unliquidated damages. *Watson v. Sheppard Federal Credit Union,* 589 S.W.2d 742 (Tex. Civ.App.—Fort Worth 1979, writ ref'd n.r. e.); TEX.R.CIV.P. 243. Proof is required only with respect to damages, and a reviewing court cannot consider evidentiary points which contest liability. *Wall v. Wall,* 630 S.W.2d 493 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.). However, the plaintiff must present sufficient competent evidence to establish her demands, and show that the defendant's conduct caused the injury for which damages are sought. *Morgan v. Compugraphic Corp.,* 675 S.W.2d 729 (Tex.1984). Assertions that the pleadings or proof are insufficient to support the damages awarded in a default judgment may properly be raised by a petition for writ of error. *Gerland's Food Fair, Inc. v. Hare,* 611 S.W.2d 113 (Tex. Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.).

■■■ When considering a petition for writ of error, the appellate court reviews for error apparent on the face of the record. *Barrera v. Barrera,* 668 S.W.2d 445 (Tex.App.—Corpus Christi 1984, no writ). The record includes all of the papers filed with the reviewing court. *Smith v. Smith,* 544 S.W.2d 121 (Tex.1976). Thus, error must be apparent either in the judgment itself, or in the trial leading up to the judgment. *Village Square, Ltd. v. Barton,* 660 S.W.2d 556 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.). The question on appeal is whether there is any error that vitiates the judgment, and the validity of the judgment is not presumed. *Stylemark Construction, Inc. v. Spies,* 612 S.W.2d 654 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ).

■■■ Additionally, the appellant must not have participated in the trial, the petition must be brought within six months of the date of the judgment, and the petition must be brought by a party to the default judgment. *Brown v. McLennan County Children's Protective Services,* 627 S.W.2d 390 (Tex.1982). The appellant need not show a meritorious defense, nor provide any excuse for his failure to participate in the proceedings. *Pace Sports, Inc. v. Davis Brothers Publishing Co., Inc.,* 514 S.W.2d 247 (Tex.1974).

Appellant's lack of participation in the trial, and his timely presentation of the petition for writ of error are not herein contested. Appellant alleges that error appears on the face of the record in that there are insufficient pleadings and evidence to support the damages awarded. Monsevais, however, contends that appellant has failed to invoke this court's jurisdiction since appellant did not allege invalidity of the judgment on the face of the record.

■■■ Where a writ of error is available, the scope of review is the same as that afforded by an ordinary appeal. *Gunn v. Cavanaugh,* 391 S.W.2d 723 (Tex.1965); *Collins v. Collins,* 464 S.W.2d 910 (Tex. Civ.App.—San Antonio 1971, writ ref'd n.r. e.). Allegations of error in the judgment resulting from a lack of evidence or insufficient evidence to support the judgment sufficiently invokes the jurisdiction of this court to consider the petition for writ of error. *Hillson Steel Products, Inc. v. Wirth, Ltd.,* 538 S.W.2d 162 (Tex.Civ.App. —Houston [1st Dist.] 1976, no writ).

Therefore, we evaluate appellant's no evidence points by considering only the evidence and inferences which, when viewed in the light most favorable to the judgment, support the judgment. If in applying this standard we find that there is some evidence to support the judgment, and that this evidence constitutes more than a scintilla, the no evidence points will be overruled. *Glover v. Texas General Indemnity Co.,* 619 S.W.2d 400 (Tex.1981). When we evaluate appellant's points complaining of the sufficiency of the evidence, we consider all of the evidence. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965). If sufficient evidence exists, and such is not against the great weight and preponderance, the judgment will be affirmed.

Monsevais' original petition, upon which the default judgment was granted, sets out specific acts of negligence by the appellant. The petition then contains the following allegations:

\* \* \* \* \* \*

## IV.

Each of the above-mentioned acts of negligence was the proximate cause of the injuries to Plaintiff and of the damage to Plaintiff's automobile.

## V.

Plaintiff would show that as a result of the accident, she received bodily injuries, which injuries are severe, pain, suffering and mental anguish because of such injuries, and loss of physical capacity, all of which will continue into the future of Plaintiff's damage in excess of the jurisdictional minimum of this Court. As a result of this collision, the plaintiff sustained injuries to her back and other areas of her body.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citation and notice issue to the Defendant and that he be required to appear before this Court and answer to the Petition and allegations to the Plaintiff and that after a hearing is held that the damages prayed for by the Plaintiff together with all costs of suit be awarded to the Plaintiff.

■ Appellant's first point of error complains of error by the trial court in awarding damages for Monsevais' automobile, because there are neither pleadings nor proof that Monsevais was the owner of the vehicle damaged in the collision. The plaintiff's petition did allege that appellant's acts of negligence resulted in the damage to *plaintiff's* automobile. Nancy Monsevais testified at the hearing that her automobile had been damaged by appellant, and that the cost of repairs would be $2,722.69. Thus, there were sufficient pleadings and proof to establish that Monsevais owned the vehicle damaged in the collision as a result of appellant's negligence. Point of error number one is overruled.

■ Points of error two and three allege that there is no evidence or that the evidence is insufficient to base an award for damages to Monsevais' automobile. The only evidence introduced at trial was Monsevais' testimony that she obtained an estimate for repairs to the vehicle in the amount of $2,722.69. A party is entitled to recover only those reasonable expenses which were necessarily incurred as a result of the collision forming the basis of the lawsuit. *American Insurance Co. v. Reed,* 626 S.W.2d 898 (Tex.App.—Eastland 1981, no writ); *O'Donell v. Preston,* 301 S.W.2d 288 (Tex.Civ.App.—Fort Worth 1957, writ ref'd n.r.e.). Although there was some evidence that Monsevais' vehicle was damaged and required repairs, there was insufficient evidence to show that the cost of repairs was reasonable and necessary, or that the repairs were required as a result of the accident between Monsevais and appellant. Point of error two alleging no evidence is overruled; point three alleging insufficient evidence is sustained.

Appellant's points of error six and ten complain of a lack of pleadings to support awards for past and future medical expenses and loss of past and future earning capacity. Although we agree the pleadings are insufficient to justify awards for these damages, appellant's points are without merit. The judgment rendered by the trial court tracks the language of Monsevais' petition and merely awards damages for injuries (pain and suffering). Thus, there was no specific award made for medical expenses or lost earning capacity. The damage award was not made without sufficient pleadings regarding these injuries (pain and suffering). Points of error six and ten are overruled.

Appellant's remaining points of error allege no evidence or insufficient evidence to support damage awards for medical expenses, lost earning capacity, physical disability and pain and suffering. As we have noted, the judgment does not itemize the damages awarded, therefore we cannot de-

termine what portion of the damages was awarded for these separate injuries. *Popkowski v. Gramza*, 671 S.W.2d 915 (Tex. App.—Houston [1st Dist.] 1984, no writ). However, the plaintiff's petition sought damages for injuries, pain, suffering, and loss of physical capacity. Consequently, we must assume that the judgment was entered for these alleged items only where the record provides support by way of evidence. The fact that the evidence is non-existent or insufficient to support losses for medical expenses, lost earning capacity and other items, which were not prayed for, is irrelevant. Points of error four, five, seven, eight, nine, eleven, twelve, thirteen and fourteen are overruled.

 Monsevais' petition did, however, specifically seek damages for past and future pain and suffering. Appellant's points of error fifteen through eighteen raise challenges to the evidence concerning pain and suffering. The only evidence offered at the trial on these items was testimony of Nancy Monsevais that she suffered a whiplash that turned into back pain. She also testified that the pain continued at the time of trial. There was no testimony, however, regarding future pain and suffering. We hold that there is some evidence constituting more than a scintilla to support an award for past pain and suffering. Appellant's no evidence challenge to the evidence regarding past pain and suffering is overruled.

There is no indication in the judgment that an award was made for future pain and suffering. Thus, we assume the trial court disregarded this item in making its award. *K-Mart Apparel Fashions Corp. v. Ramsey*, 695 S.W.2d 243 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.). Appellant's challenges to the sufficiency of the evidence to support an award for future pain and suffering are also overruled.

 We are left, then, with appellant's contention that the evidence was insufficient to support an award for past pain and suffering. Monsevais presented no evidence concerning past pain and suffering other than her testimony that she had a whiplash that developed into back pain which did not require medication.

Comparisons to other cases wherein the evidence was determined to provide sufficient support for pain and suffering are helpful in determining the sufficiency of the evidence presented in this case. For example, in *Bluebonnet Express, Inc. v. Foreman*, 431 S.W.2d 45 (Tex.Civ.App.—Houston [14th Dist.] 1968, no writ) the court determined that evidence that the plaintiff had severe, constant pain; could not sleep because of the pain; had a resulting limitation of his range of motion without pain and that the pain was worsening over time, was sufficient to support an award for pain and suffering. Similarly, in *Popkowsi v. Gramza*, 671 S.W.2d 915 (Tex. App.—Houston [1st Dist.] 1984, no writ) evidence that the plaintiff suffered muscle damage, dizzy spells, headaches and permanent scarring was held to be sufficient to support an award of $50,000.00. And evidence that the plaintiff lost sensation in her arms, could not stand for extended periods, and had lost consciousness after an accident was held sufficient to support an award in *K-Mart v. Ramsey, supra.*

No evidence of a similar nature was presented in the instant case. The testimony was not sufficiently developed to support an award for pain and suffering. The entire statement of facts consists of but nine pages. Appellant's point of error challenging the sufficiency of the evidence to support an award for past pain and suffering is sustained.

Since past pain and suffering, and damage to Monsevais' automobile were the only items for which Monsevais sought recovery and offered proof (although insufficient) we must assume the judgment was rendered only for these items. As the evidence was insufficient to support an award for either of these items, this cause must be reversed and remanded for a redetermination of the damages. *Kenneally v. Thurn*, 653 S.W.2d 69 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.); TEX.R.CIV.P. 434. The issue of appellant's liability

should not be relitigated, as such was admitted through appellant's default.

The cause is reversed and remanded.