**Affirmed in Part and Reversed and Remanded in Part and Memorandum Opinion filed August 28, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00497-CV

---

**VERONICA LOPEZ DEVOTI, Appellant**

**V.**

**JOHN MICHAEL DELANEY, Appellee**

---

**On Appeal from the County Court at Law No. 3
Galveston County, Texas
Trial Court Cause No. 61,889**

---

### M E M O R A N D U M   O P I N I O N

This is a personal injury case arising from an automobile accident. On appeal, Veronica Devoti contends the trial court erred by rendering a no-evidence summary judgment in favor of John Delaney because "a fact issue exists as to whether [Devoti] had no evidence of damages proximately caused by [Delaney's] negligence." We affirm in part and reverse and remand in part.

## Background

Devoti was traveling from Galveston to Houston on Interstate 45 on February 15, 2009, when her vehicle was struck by a piece of wood paneling. The debris caused damage to Devoti's windshield and the front of her car. The debris came from a trailer which was towed by Delaney. The trailer was loaded with hurricane-damaged building materials. In an attempt to avoid flying debris, Devoti swerved her vehicle to the left, and then made a sharp turn to the right. At the time of the incident, Devoti did not feel any pain; however, she began feeling pain in her lower back two days later. Devoti sought medical attention at the emergency room at the Mainland Medical Center on February 18, 2009.

Devoti sued Delaney on November 23, 2009, alleging that a failure to secure the load on his trailer caused damages to Devoti. Devoti asserted claims for negligence, negligence per se, and gross negligence. She asserted that Delaney's breach proximately caused injury to her and resulted in the following damages: "(a) property damage to her vehicle, (b) mental anguish, (c) physical pain and suffering, and (d) economic losses due to lost wages and medical expenses."

Delaney filed a no-evidence summary judgment motion on February 24, 2011. In his motion, Delaney contended that Devoti "lacks essential elements of negligence, including causation and damages." He contended that (1) "[t]here is no evidence of damages or causation concerning [Devoti]'s claim of bodily injury;" and (2) there "is no evidence of the corresponding aggravated conduct required by statute" to justify exemplary damages for gross negligence.

Devoti filed a response on April 25, 2011, in which she asserted that she "can raise a genuine issue of material fact on all the elements of her cause of action for negligence." Devoti argued that "a no-evidence summary judgment is inappropriate" on her negligence claim because she provided sufficient evidence to show that "she suffered physical injury that was proximately caused by the incident made the basis of this lawsuit and thereby incurred compensable damages of at least the three following types: (a)

2

medical expenses, (b) physical pain and suffering, or (c) mental anguish." Devoti did not raise any argument regarding alleged damages for "property damage to her vehicle" and "economic losses due to lost wages;" she conceded in her response that there is no evidence to support an award of exemplary damages based on gross negligence.

Devoti attached four exhibits to her response: (1) Delaney's deposition, in which he admitted that a piece of debris flew from his truck and struck Devoti's car; (2) the accident report; (3) Devoti's deposition, in which she described the accident, her subsequent pain, medical visits, and her alleged mental distress; (4) and Devoti's medical discharge papers.

In her deposition, Devoti described the accident. She testified that she had been involved in a previous accident, but stated that she had recovered completely. Devoti's medical discharge papers from Mainland Medical Center showed that she was diagnosed with "muscle strain" and was prescribed Flexeril and Motrin. Devoti did not attach any documentation relating to medical expenses or lost wages to her response.

Devoti testified that she received treatment from a chiropractor for back pain. Devoti did not attach any documentation regarding her chiropractor visits to her response, and she stated in her deposition that she could not remember the chiropractor's name, place of business, or the precise amount she paid on each visit. She estimated that each visit cost "like $45, $50 a visit," and that she visited the chiropractor "two, three times max."

Devoti also testified that her car had been repaired and that she was not "currently making a claim for any type of property damage." Devoti testified that she feels "scared to be driving," and she does not let her children sit in the front seat of the car because she is "afraid something will go through the windshield." She testified that she is "just constantly being alert" and "just get[s] nervous," but that she does not have nightmares.

The trial court signed an order granting Delaney's no-evidence summary judgment on May 3, 2011. Devoti filed a timely appeal.

3

**Analysis**

In her sole issue on appeal, Devoti contends the trial court erred by granting a no-evidence summary judgment "because a fact issue exists as to whether [she] had no evidence of compensable damages proximately caused by" Delaney's negligence. Devoti further contends we should reverse the no-evidence summary judgment because she "can raise a genuine issue of material fact on all the elements of her cause of action for negligence."[1] Devoti argues she presented more than a scintilla of evidence on causation and damages for pain and suffering and mental anguish.

## I. Standard of Review

The movant seeking a no-evidence summary judgment must specifically identify the elements for which there is no evidence. *Walker v. Thomasson Lumber Co.*, 203 S.W.3d 470, 473–74 (Tex. App.—Houston [14th Dist.] 2006, no pet.). The trial court must grant the motion unless the respondent presents evidence raising a genuine issue of material fact. Tex. R. Civ. P. 166a(i). However, the respondent is "'not required to marshal its proof; its response need only point out evidence that raises a fact issue on the challenged elements.'" *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (quoting Tex. R. Civ. P, 166a(i) cmt. (1997)). In reviewing the trial court's decision on a no-evidence motion for summary judgment, we employ the same test used to determine legal sufficiency of the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005).

We review a summary judgment *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Mendoza v. Fiesta Mart, Inc.*, 276 S.W.3d 653, 655 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). We take as true all evidence favorable to the nonmovant; draw every reasonable inference in favor of the nonmovant; and resolve

---

[1] The parties did not distinguish between Devoti's negligence and negligence per se claims in the trial court or on appeal. We will treat the parties' arguments regarding "negligence" as relating to both theories of liability considering that (1) "negligence per se is merely one method of proving breach of duty — a requisite element of any negligence claim;" and (2) neither party contested this element. *See Crum v. Goza*, No. 14–11–00256–CV, 2012 WL 2928579, at *3 (Tex. App.—Houston [14th Dist.] July 19, 2012, no pet.) (mem. op.).

all doubts in favor of the nonmovant. *Mendoza*, 276 S.W.3d at 655. When a trial court does not specify the grounds for granting summary judgment, we must affirm the judgment if any summary judgment ground is meritorious. *See Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995).

## II. Causation

Devoti argues that she raised a genuine issue of fact with respect to causation because she suffered injuries that "were not preexisting and are the types of injuries in which general experiences and common sense will enable a layman to determine, with reasonable probability, the causal relationship between the event and the condition." Devoti argues that her "testimony is sufficient to establish a sequence of events which provides a strong, logically traceable connection between" the accident and her injuries.

Delaney argues on appeal that Devoti was required to provide expert testimony "to prove causation" because (1) "it is unclear what type of injury" she suffered; (2) "there is no analysis" of her medical history or prior back injury; and (3) "there are no other medical diagnostic, treatment or billing records." We note that Devoti was not required to "prove causation." As the nonmovant, Devoti needed only to point out evidence that raises a fact issue on the challenged element of causation.

The "existence and nature of certain basic conditions, proof of a logical sequence of events, and temporal proximity between an occurrence and the conditions can be sufficient to support" a finding of causation without expert evidence. *Guevara v. Ferrer*, 247 S.W.3d 662, 667 (Tex. 2007). Although expert testimony generally is necessary to establish causation for medical conditions outside the common knowledge and experience of jurors, non-expert evidence alone is sufficient to support a finding of causation "where both the occurrence and conditions complained of are such that the general experience and common sense of laypersons are sufficient to evaluate the conditions and whether they were probably caused by the occurrence." *Jelinek v. Casas*, 328 S.W.3d 526, 667 (Tex. 2010). "'[L]ay testimony establishing a sequence of events which provides a strong, logically traceable connection between the event and the

condition is sufficient proof of causation.'" *Guevara*, 247 S.W.3d at 667 (quoting *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 733 (Tex. 1984)).

In the context of an automobile accident, lay testimony "establishing a sequence of events which provides a strong, logically traceable connection between the event and the condition" can support a finding of causation, provided that such conditions "(1) are within the common knowledge and experience of laypersons, (2) did not exist before the accident, (3) appeared after and close in time to the accident, and (4) are within the common knowledge and experience of laypersons, caused by automobile accidents." *Id.* at 667.

The Texas Supreme Court has acknowledged that "causation as to certain types of pain, bone fractures, and similar basic conditions following an automobile collision can be within the common experience of lay jurors." *Id.* at 668. Reliance on lay testimony does not require injuries or pain to be "overt" — meaning obvious or immediately manifested at the time of the accident. Delayed soreness or injury can be "within the experience and knowledge of laypersons as being caused by car accidents." *See Figueroa v. Davis*, 318 S.W.3d 53, 61-6 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (plaintiff's lay testimony that he hit his teeth on the steering wheel during a car accident and his teeth started crumbling and falling out days later was sufficient evidence to prove causation; this evidence fell "within the common experience of lay persons so that causation could stand on lay testimony"); *Tex. Dep't of Transp. v. Banda*, No. 03-09-00724-CV, 2010 WL 5463857, at *2 (Tex. App.—Austin Dec. 22, 2010, pet. denied) (mem. op.) (plaintiff's lay testimony sufficient to prove causation where neck and back injuries were not immediately manifested after the car accident but pain and soreness occurred later); *see also State Office of Risk Mgmt. v. Larkins*, 258 S.W.3d 686, 691 (Tex. App.—Waco 2008, no pet.) (expert testimony not required to prove that push into a wall caused plaintiff's back injury — although back pain manifested itself the day after plaintiff was pushed — because back injuries within common knowledge of the jury to evaluate causation); *Metro. Transit Auth. v. Harris Cnty.*, No. 14-06-00513-CV, 2008

6

WL 4354503, at *8 (Tex. App.—Houston [14th Dist.] Aug. 26, 2008, no pet.) (mem. op.) (lay testimony established a sequence of events from which jury could infer without the aid of expert testimony that injuries were caused by bus collision).

Devoti testified in her deposition that her vehicle was struck by a piece of wood paneling. To avoid the flying debris, Devoti swerved to the left, and then made a sharp turn to the right. Devoti testified that she did not feel pain at the time of the accident; however, she began feeling pain in her lower back two days later. She also stated that she felt something pulling on the "backside" of her right leg and specified that the pain is in the "lower right back and hip back area." Devoti testified that she was in so much pain that she sought medical attention at the emergency room at the Mainland Medical Center Hospital.

At the emergency room, she told the doctor that she "had been in a car accident a few days before" and the doctor told her that her pain was "probably just from the pulling that [she] had done . . . the quick pulling" and that she "was sore." She also told the doctor about the pain in her right leg. The discharge papers from the Medical Center show that Devoti was diagnosed with "muscle strain" and she was given some medication.

Devoti testified that she saw a chiropractor two or three times after her emergency room visit because of her back pain. The chiropractor took x-rays, "did some adjustments," and "put little needles sticking around you and something vibrating on your back." She stated that she could not afford continuing treatment with the chiropractor but that the chiropractor's treatment alleviated some of her pain.

Devoti testified that she had been involved in a car accident some time ago but that her injuries from that accident had completely healed before the accident made the basis of this appeal. She also testified that she had never been injured at work or otherwise and that she had never received any treatment for back pain besides the previous accident. She also testified that she had not "suffered any other injuries or events that could have caused this pain between the time of the accident and the time that

7

it — the pain presented itself." Devoti stated that her "injuries either came from swerving to avoid being hit or the actual collision of the plywood" on her windshield.

Devoti's testimony shows a logical sequence of events and temporal proximity from which a factfinder properly could infer, without the aid of expert testimony, that the accident caused Devoti to suffer back and leg pain. The hospital discharge papers show a diagnosis of muscle strain; and Devoti does not allege complicated injuries involving disc herniations, bulges, or the like. Devoti's testimony reflects that she did not have any pain or injuries to her back or leg prior to the accident at issue. The back and leg pain Devoti suffered very shortly after the accident can be "within the experience and knowledge of laypersons as being caused by car accidents." *See Banda*, 2010 WL 5463857, at *2; *see also Figueroa*, 318 S.W.3d at 61-6; *Larkins*, 258 S.W.3d at 691; *Metro. Transit Auth.*, 2008 WL 4354503, at *8.

Based on our review of the record, we conclude that Devoti presented evidence sufficient to raise a genuine issue of material fact on the element of causation.

### III. Damages

#### 1. Pain and Suffering

Devoti argues that she produced more than a scintilla of evidence of pain and suffering to overcome Delaney's no-evidence summary judgment motion. Devoti argues she testified in her deposition that she experienced such intense pain in her back and leg two days after the car accident that she (1) went to a hospital emergency room where she was diagnosed with muscle strain; and (2) later went to a chiropractor for treatment of her back pain.

The presence or absence of physical pain is "an inherently subjective question." *Enright v. Goodman Distrib., Inc.*, 330 S.W.3d 392, 397 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing *Dollison v. Hayes*, 70 S.W.3d 245, 249-51 (Tex. App.—Texarkana 2002, no pet.)). Devoti as the nonmovant need only present some evidence that her pain and suffering was proximately caused by the accident. *See Castanon v.*

*Monsevais*, 703 S.W.2d 295, 299 (Tex. App.—San Antonio 1985, no pet.).

Testimony that a plaintiff suffered whiplash that turned into back pain has been held to provide some evidence "constituting more than a scintilla to support an award for past pain and suffering." *Id.* A plaintiff's testimony that he suffered and continues to suffer from back pain following an accident and did not suffer from back pain prior to the accident has been held legally sufficient to establish pain and suffering. *Durham Transp., Inc. v. Valero,* 897 S.W.2d 404, 415 (Tex. App.—Corpus Christi 1995, writ denied).

Devoti testified in her deposition that she suffered back and leg pain approximately two days after her accident severe enough to leave work and go to the emergency room. After her emergency room visit, she sought treatment on two or three occasions from a chiropractor to alleviate her back pain. She also testified that she continues to suffer from back and leg pain on occasion; she would continue seeking treatment from a chiropractor if she could afford it. Devoti stated in her deposition that she did not suffer from back pain prior to the accident. Her medical discharge papers indicate that she was diagnosed with a muscle strain shortly after the accident.

Taken together, this evidence is sufficient to raise an issue of material fact with regard to physical pain and suffering.

### 2. Mental Anguish

Devoti further argues that the trial court erred in granting no-evidence summary judgment because she produced more than a scintilla of evidence of mental anguish.

Texas does not recognize a general legal duty to avoid negligently inflicting mental anguish. *City of Tyler v. Likes*, 962 S.W.2d 489, 494 (Tex. 1997). While negligently inflicted mental anguish may be an element of recoverable damages when the defendant violates some other duty to the plaintiff, this depends on both the nature of the duty breached and the quality of proof offered by the plaintiff. *Id.* For many breaches of legal duties, even tortious ones, the law affords no right to recover for resulting mental anguish. *Id.* In those cases where damages for mental anguish are recoverable, Texas no

longer requires a physical manifestation of mental anguish, although there are few situations in which a claimant who is not physically injured by the defendant's breach of a duty may recover mental anguish damages. *Verinakis v. Med. Profiles, Inc.*, 987 S.W.2d 90, 95 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).

Texas authorizes mental anguish damages in the following types of cases: "(1) as the foreseeable result of a breach of duty arising out of certain special relationships, such as the relationship between a physician and a patient; (2) for some common law torts that generally involve intentional or malicious conduct such as libel . . . and (3) in virtually all personal injury cases where the defendant's conduct causes serious bodily injury." *Id.* In the absence of one of the three above described situations, mental anguish damages may be recovered in wrongful death and bystander actions. *Lions Eye Bank of Tex. v. Perry*, 56 S.W.3d 872, 876 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).

"Even when an occurrence is of the type for which mental anguish damages are recoverable," an award of mental anguish damages must be supported by "direct evidence that the nature, duration, and severity of mental anguish was sufficient to cause, and caused, either a substantial disruption in the plaintiff's daily routine or a high degree of mental pain and distress." *Serv. Corp. Int'l v. Guerra*, 348 S.W.3d 221, 231 (Tex. 2011). Mental anguish requires a showing that a plaintiff suffered a "'high degree of mental pain and distress'" that is "'more than mere anxiety, vexation, embarrassment, or anger.'" *Saenz v. Fid. & Guar. Ins. Underwriters*, 925 S.W.2d 607, 614 (Tex. 1996) (quoting *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995)).

Even assuming for the sake of argument that Devoti's claims are among those for which mental anguish is recoverable, Devoti did not produce any evidence that she suffers from a "high degree of mental pain and distress" that is "more than mere anxiety, vexation, embarrassment, or anger."

Devoti asserts on appeal that she (1) is scared to "drive more than relatively short distances" and "now requires someone to ride in the front seat with her at such times;" and (2) suffers from "visions of flying debris striking her" which causes "her to lose

10

sleep." However, her assertions are not supported by the record. Devoti never testified that she required someone to ride with her in the front seat or that visions of flying debris or anything else caused her to lose sleep.

Devoti testified that she feels "scared to be driving." She stated, "I can drive a vehicle, but . . . [i]t's just constantly being alert, as far as what people have in their vehicles and behind their vehicles, their car." She also testified that she does not let her children sit in the front seat of the car because she is "afraid something will go through the windshield." She testified that she "just get[s] nervous" but that she does not have nightmares.

Nothing in Devoti's testimony establishes that there is "a substantial disruption" in her "daily routine." And the emotions Devoti described in her deposition are more akin to anxiety and vexation than to a "high degree of mental pain and distress." Thus, we conclude that the trial court properly granted no-evidence summary judgment with regard to damages for mental anguish.

## Conclusion

Accepting as true all evidence favorable to the nonmovant and drawing every reasonable inference and resolving all doubts in favor of the nonmovant, we conclude that Devoti produced more than a scintilla of evidence of causation and pain and suffering. Devoti did not produce more than a scintilla of evidence of compensable mental anguish. Therefore, we reverse the trial court's no-evidence summary judgment on Devoti's negligence claims with respect to causation and pain and suffering, and remand this case to the trial court for further proceedings consistent with this opinion.

11

We affirm the no-evidence summary judgment in all other respects.[2]

/s/     William J. Boyce
           Justice

Panel consists of Justices Seymore and Boyce and Senior Justice Yates.[3]

---

[2] Devoti conceded in the trial court that there is no evidence to support her claim for gross negligence, and she does not challenge summary judgment on this claim on appeal. Also, Devoti does not challenge summary judgment relating to damages for "economic losses due to lost wages," medical expenses, and "property damage to her vehicle."

[3] Senior Justice Leslie Brock Yates sitting by assignment.