**Affirmed and Opinion Filed June 3, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01368-CV

**FREDIS BENITEZ, MARGARITA BENITEZ, AND ROBERTO VIERA-SEGURA DBA VIERA'S BODY SHOP/VIERA'S KUSTOMS/VIERA'S KUSTOMZ, Appellants**
**V.**
**CITY OF DALLAS, Appellee**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 13-03671**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Evans
Opinion by Justice Bridges

Fredis Benitez, Margarita Benitez, and Roberto Viera-Segura d/b/a Viera's Body Shop/Viera's Kustoms/Viera's Kustomz appeal the trial court's default judgment in favor of the City of Dallas. In two points of error, appellants argue they are entitled to reversal of the default judgment because they were not properly served under rule of civil procedure 107 and the evidence does not support the trial court's award of $100,000 damages. We affirm the trial court's judgment.

On April 2, 2013, the City filed its original petition alleging appellants were using their property illegally for outside salvage and reclamation and vehicle or engine repair or maintenance. In addition, the City alleged numerous health and safety violations. The City sought an injunction under section 211.012(c) of the local government code enjoining appellants'

illegal land uses alleged in the petition. Pursuant to sections 54.016 and 54.018 of the local government code, the City sought civil penalties of $1000 per day per violation.

On April 3 and 4, 2013, the process server served appellants individually with a copy of the petition and citation. On May 8, 2013, the City filed a motion for leave to file amended returns of service pursuant to rule of civil procedure 118. The City stated it sought leave to amend "in order to strictly comply with Texas Rule of Civil Procedure 107 by adding the process server's certification expiration date and a more precise description of the pleading served.

Appellants did not file an answer. The City filed a motion for default judgment, and the trial court set the matter for a hearing on June 20, 2013. At the hearing, Kate Lawler, a code officer for the City, testified appellants did not have a specific use permit which would have permitted them to "have outside salvage reclamation." The City introduced photographs of appellant's property, and Lawler testified the same violations as were alleged in the City's petition were still present on a subsequent investigation on June 18, 2013. Counsel stated appellants committed nine health and safety violations over seventy-seven days, entitling the City to $693,000 in civil penalties. Nevertheless, counsel for the City requested $100,000 in civil penalties. The trial court entered a default judgment granting the City certain injunctive relief and awarding $100,000 in civil penalties. Appellants filed a motion to set aside the default judgment and for new trial, which was overruled by operation of law. This appeal followed.

In their first issue, appellants argue they are entitled to a reversal of the default judgment and a remand for new trial because the record reflects the City failed to strictly comply with rule of civil procedure 107. Specifically, appellants argue "the amended return of service was not located on the citation or attached to it." Appellants argue the first sentence of rule 107 "is framed in mandatory terms: the return of the officer or authorized person executing the citation shall be endorsed on or attached to the same." However, appellants cite the former rule 107.

The current version of rule 107, effective since January 1, 2012, states: "The officer or authorized person executing the citation must complete a return of service. The return may, but need not, be endorsed on or attached to the citation." TEX. R. CIV. P. 107. Thus, Rule 107 did not require the amended return of service in this case to be attached to the citation. *See id.* We overrule appellants' first issue.

In their second issue, appellants argue they are entitled to a reversal of the default judgment and a remand for new trial because there is no evidence or insufficient evidence to support the award of $100,000 in civil penalties.

We will sustain a legal sufficiency or "no evidence" challenge if the record shows one of the following: (1) a complete absence of a vital fact; (2) rules of law or evidence bar the court from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). In reviewing a legal sufficiency complaint, we consider the evidence in the light most favorable to the prevailing party, crediting favorable evidence if a reasonable fact finder could, and disregarding contrary evidence unless a reasonable fact finder could not. *Id.* at 827. A legal sufficiency challenge fails if there is more than a scintilla of evidence to support the finding. *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006). When confronted by both a legal and factual sufficiency challenge, an appellate court must first review the legal sufficiency of the evidence. *Glover v. Tex. Gen. Indem. Co.*, 619 S.W.2d 400, 401 (Tex. 1981). In reviewing a factual sufficiency challenge, we examine all the evidence. *Castanon v. Monsevais*, 703 S.W.2d 295, 297 (Tex. App.—San Antonio 1985, no writ). We will reverse only if the finding is against the great weight and preponderance of the evidence. *Id.*

When a no-answer default judgment is entered against a party on an unliquidated claim, the non-answering party is deemed to have admitted all facts properly pleaded, except for the amount of damages. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) (per curiam); *Tex. Commerce Bank, Nat'l Ass'n v. New*, 3 S.W.3d 515, 516 (Tex. 1999). Thus, if the facts set out in the petition allege a cause of action, the default judgment conclusively establishes the defendant's liability. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex. 1984).

Thus, appellants are deemed to have admitted the health and safety violations alleged in the City's petition. As further set out in the City's petition, section 54.017 of the local government code permits an imposition of $1000 per violation per day. *See* TEX. LOC. GOV'T CODE ANN. § 54.017 (West 2008). Lawler testified that the health and safety violations at appellants' property were still present on June 18, 2013. Counsel for the City argued there were nine violations over seventy-seven days, entitling the City to $693,000 in civil penalties. Nevertheless, counsel for the City requested $100,000 in civil penalties. Thus, the trial court's award of $100,000 in civil penalties is actually less than it could have properly awarded, considering the number of violations. We conclude the evidence is legally and factually sufficient to support the trial court's award. *See City of Keller*, 168 S.W.3d at 810; *Castanon*, 703 S.W.2d at 297. We overrule appellant's second issue.

We affirm the trial court's judgment.


131368F.P05


                                        /David L. Bridges/
                                        DAVID L. BRIDGES
                                        JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FREDIS BENITEZ, MARGARITA
BENITEZ, AND ROBERTO VIERA-
SEGURA DBA VIERA'S BODY
SHOP/VIERA'S KUSTOMS/VIERA'S
KUSTOMZ, Appellant

On Appeal from the 14th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 13-03671.
Opinion delivered by Justice Bridges.
Justices Lang and Evans participating.

No. 05-13-01368-CV          V.

CITY OF DALLAS, Appellee

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee CITY OF DALLAS recover its costs of this appeal from
appellants FREDIS BENITEZ, MARGARITA BENITEZ, AND ROBERTO VIERA-SEGURA
DBA VIERA'S BODY SHOP/VIERA'S KUSTOMS/VIERA'S KUSTOMZ.

Judgment entered June 3, 2015.