**Marcus Dunte WHITAKER, Appellant**

v.

**Lois ROSE, John Rose, Jr., and John Rose, III, Appellees.**

No. 14–04–01178–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 6, 2007.

Jason Andrew Powers, Houston, for appellants.

Melvin L. Lampley, Houston, for appellees.

Panel consists of Justices ANDERSON, EDELMAN, and FROST.

## OPINION

JOHN S. ANDERSON, Justice.

This is a restricted appeal from a no-answer default judgment. Appellees, Lois Rose, John Rose, Jr., and John Rose, III ("the Roses"), sued appellant, Marcus Dunte Whitaker ("Whitaker"), for damages resulting from a car accident. Whitaker raises three issues on appeal. We affirm in part and reverse and remand in part.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 20, 2003, Lois Rose ("Lois") drove her car with her son, John Rose, III ("John, III"), as a passenger. As she entered an intersection, her car was struck by Marcus Dunte Whitaker's vehicle. Whitaker's vehicle hit the Roses' vehicle on the driver's side after running a stop sign. Later that evening, Lois and John, III experienced pain and needed medical attention. The next day, Lois's husband, John Rose, Jr. ("John, Jr.") took his wife and son to a family clinic where they were examined. The doctor prescribed physical therapy and pain medication for both Lois and John, III. Lois was unable to drive and did not return to work for 30 days. John, Jr. sought and received time off from work for approximately two and a half weeks in order to take care of his wife and son at home.

The Roses filed their original petition against Whitaker on November 20, 2003. Whitaker was properly served but failed to answer. The Roses moved for default judgment, and the trial court granted their motion. The trial court set a date to hear evidence of damages, but instead, it entered the default judgment based upon documentary evidence supplied by the Roses: Lois's affidavit and supporting documents, including her lost wages report and medical records for herself and John, III; and John, Jr.'s affidavit and supporting documents, including his lost wages report. The trial court entered the default judgment in the precise amounts requested by the Roses in their affidavits. Whitaker did not file any post-judgment motions, but he did file a restricted appeal one day prior to the six-month filing deadline.

### DISCUSSION

In his restricted appeal, Whitaker alleges three grounds for setting aside the default judgment and granting a new trial: (1) no reporter's record was made at the default judgment hearing; (2) appellees failed to prove their damages; and (3) the judgment fails to distinguish between reversible and non-reversible damages.

### I. Standard of Review

A restricted appeal constitutes a direct attack on a default judgment. TEX. R.APP. P. 30; Gen. Elec. Co. v. Falcon Ridge Apartments Joint Venture, 811 S.W.2d 942, 943 (Tex.1991). A restricted appeal must (1) be brought within six months after the trial court signs the judgment, (2) by a party to the suit, (3) who did not participate in the actual trial, and (4) the error complained of must be apparent from the face of the record. See TEX. R.APP. P. 30; Norman Commc'ns v. Tex. Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997). Both parties agree Whitaker has met the first three elements. Therefore, this appeal considers whether the issues raised by Whitaker are apparent on the

face of the record. The face of the record includes all papers on file in the appeal. *Norman Commc'ns,* 955 S.W.2d at 270. Because a restricted appeal affords an appellant the same scope of review as an ordinary appeal, the legal and factual sufficiency of the evidence to support the judgment may be challenged.

■ When a no-answer default judgment is entered, the non-answering party is deemed to have admitted all facts properly pleaded. *Morgan v. Compugraphic Corp.,* 675 S.W.2d 729, 732 (Tex.1984); *Jackson v. Gutierrez,* 77 S.W.3d 898, 901 (Tex.App.-Houston [14th Dist.] 2002, no pet.). However, this presumption does not apply to unliquidated damages. *Tex. Commerce Bank, N.A. v. New,* 3 S.W.3d 515, 516 (Tex.1999); *Novosad v. Cunningham,* 38 S.W.3d 767, 773 (Tex.App.-Houston [14th Dist.] 2001, no pet.). A plaintiff alleging unliquidated damages must present competent evidence that is consistent with the cause of action pled. TEX.R. CIV. P. 243; *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 83 (Tex.1992).

## II. No Reporter's Record

■ In his first issue, Whitaker contends he is entitled to a new trial because the Roses failed to ensure a reporter's record was produced from a default judgment hearing. Whitaker argues a reporter's record is required for a no-answer default judgment, as it is required for a post-answer default judgment. This contention is incorrect.

■ One area where no-answer and post-answer default judgments differ greatly is what is considered admitted because of the default. In a post-answer default judgment, the defendant has filed an answer with the trial court, and the defendant does not abandon that answer or confess any issues because the defendant fails to pursue the remainder of the trial. *See Stoner v. Thompson,* 578 S.W.2d 679, 682 (Tex.1979); *In re K.B.A.,* 145 S.W.3d 685, 690 (Tex.App.-Fort Worth 2004, no pet.). The plaintiff must offer evidence and prove the entire case, including liability and damages. *See Stoner,* 578 S.W.2d at 682; *Armstrong v. Benavides,* 180 S.W.3d 359, 362 (Tex.App.-Dallas 2005, no pet.). Thus, the lack of a reporter's record in a post-answer default judgment requires reversal. *Carstar Collision, Inc. v. Mercury Finance Co.,* 23 S.W.3d 368, 370 (Tex.App.-Houston [1st Dist.] 1999, pet. denied). Such is not the case in a no-answer default judgment.

■ In a no-answer default context, judgment can be entered on the pleadings alone, and all facts properly pled are deemed admitted. *Morgan,* 675 S.W.2d at 732. While plaintiffs must produce evidence of damages before a trial court may order a default judgment, those damages need not be presented with testimony. A trial court may award damages in a no-answer default judgment case based on affidavits. *Tex. Commerce Bank,* 3 S.W.3d at 517; *Naficy v. Braker,* 642 S.W.2d 282, 285 (Tex.App.-Houston [14th Dist.] 1982, writ ref'd n.r.e.). For liquidated damages, a trial court can render a default judgment if it can verify the damages by referring to the allegations in the petition and the written instruments. TEX.R. CIV. P. 241; *BLS Limousine Servs, Inc. v. Buslease, Inc.,* 680 S.W.2d 543, 547 (Tex.App.-Dallas 1984, writ ref'd n.r.e.). For unliquidated damages, however, the trial court must hear evidence as to damages, but affidavits will satisfy the evidence requirement of Texas Rule of Civil Procedure 243. *See* TEX.R. CIV. P. 243; *Tex. Commerce Bank,* 3 S.W.3d at 516–17. Because the Roses provided the trial court with affidavits in support of their damages, the lack of a reporter's record in an appeal from a no-answer default judgment does

not constitute error on the face of the record. We overrule Whitaker's first issue.

### Damages Awards

 In Whitaker's second issue, he attacks several aspects of the Roses' damage award. He first contends the Roses did not prove liability[1] and causation. He next contends the evidence of the Roses' damages is legally and factually insufficient. In his third issue, Whitaker asserts he is entitled to a new trial because the judgment of the trial court fails to distinguish between reversible and non-reversible damages.

### A. Evidence of Damages

 The legal and factual sufficiency of the evidence to support an award of unliquidated damages may be challenged on appeal from a no-answer default judgment. *Argyle Mech., Inc. v. Unigus Steel, Inc.*, 156 S.W.3d 685, 687 (Tex.App.-Dallas 2005, no pet.). Where a specific attack is made upon the sufficiency of the evidence to support the trial court's determination of damages in a default judgment, the appellate court must review the evidence produced. *Dawson v. Briggs*, 107 S.W.3d 739, 751 (Tex.App.-Houston [1st Dist.] 2003, no pet.).

 We will sustain a legal sufficiency or "no evidence" challenge if the record shows one of the following: (1) a complete absence of a vital fact; (2) rules of law or evidence bar the court from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence establishes conclusively the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex.2005). We consider the evidence in the light most favorable to the verdict and indulge every reasonable inference that supports it. *Id.* at 821–22. The evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the verdict under review. *Id.* at 827. We credit favorable evidence if reasonable jurors could, and disregard contrary evidence unless reasonable jurors could not. *See id.* In reviewing a factual sufficiency challenge, we examine all the evidence. *Castanon v. Monsevais*, 703 S.W.2d 295, 297 (Tex.App.-San Antonio 1985, no writ). We will reverse only if the finding is against the great weight and preponderance of the evidence. *Id.*

In the Roses' petition, Lois sought to recover the following damages:

(1) reasonable and necessary medical care in the past,

(2) reasonable and necessary medical care in the future,

(3) past physical pain and suffering,

(4) future physical pain and suffering,

(5) past physical impairment,

(6) physical impairment which, in all reasonable probability, will be suffered in the future,

(7) past lost earnings,

(8) lost earnings which, in all reasonable probability, will be suffered in the future,

(9) past loss of consortium,

(10) past loss of household services,

(11) past mental anguish, and

---

1. Whitaker may not challenge liability here because, in a default context, the causal nexus between the conduct of the defendant and the event sued upon is admitted by default. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 732 (Tex.1984). However, the causal nexus between the event sued upon and the plaintiff's alleged injuries is not admitted by default, and "proof of this causal nexus is necessary to ascertain the amount of damages to which the plaintiff is entitled." *Id.*

(12) future mental anguish.

Except for items (7)-(10) above, John, III asserted the same elements of damages as Lois. John, Jr. sought only to recover the following damages:

(1) past lost earnings,

(2) past loss of consortium,

(3) reasonable and necessary medical care in the past, and

(4) reasonable and necessary medical care in the future.

Though properly served with process, Whitaker did not answer the Roses' suit. The Roses moved for default judgment, and the trial court granted their motion. The trial court did not hold an evidentiary hearing regarding unliquidated damages, but instead, it rendered the default judgment based upon documentary evidence supplied by the Roses. In Lois's affidavit, she testified that she had suffered the following alleged damages: (1) past medical expenses totaling $2,994.65, (2) pain and suffering, mental anguish, and emotional distress in the amount of $6,000, and (3) lost wages in the amount of $2,653.84. Even though the total of these amounts exceeds $11,000, Lois also testified in her affidavit as follows: "My total damages when combined with inconvenience is $9,000."

Lois also testified in her affidavit as to the following alleged damages for John, III:(1) past medical expenses totaling $2,043.65 and (2) John, III's pain and suffering, mental anguish, and emotional distress in the amount of $4,000. Lois

further testified that John, III "was inconvenienced because he was unable to carry on the usual and normal activities of a 14 year old student." Even though the total of the damages for John, III mentioned by Lois is $6,043.65, Lois stated in her affidavit that "[John, III's] total damages when combined with inconvenience is $6,500."

In his affidavit, John, Jr. stated that he suffered lost wages of $1,429.60 and that his "total damages when combined with inconvenience is $4,500."

The trial court rendered the default judgment in the precise amounts of "total damages" requested by Lois and John, Jr. in their affidavits—$9,000 for Lois, $6,500 for John, III, and $4,500 for John, Jr. The trial court did not specify the elements of damages upon which it based these awards, and the record does not provide any means for determining the elements of damages upon which the trial court relied. The affidavits provide no basis for distinguishing the elements of damages awarded by the trial court because, as noted above, the "total damages" requested by each of the Roses does not equal the sum of the amounts requested for specific elements of damages in the affidavits.[2] Therefore, neither the trial court's judgment, nor the affidavits of Lois and John, Jr. provide any means of distinguishing the amounts awarded by the trial court for specific elements of damages.

 Whitaker also contends the Roses' evidence of medical expenses does

---

2. For example, Lois's affidavit alleges she suffered damages in the following amounts: $2,994.65 in medical expenses; $2,653.84 in lost wages; and $6,000.00 in pain and suffering, mental anguish, and emotional distress. Therefore, the sum of the amounts requested by Lois for specific elements of damages is $11,648.49. However, in her affidavit, Lois also alleges that her "total damages when

combined with inconvenience is $9,000.00." The discrepancy between these amounts, coupled with the fact that the trial court awarded a lump sum of $9,000.00 to Lois, makes it impossible for us to determine, based upon evidence in the affidavits, the amount awarded by the trial court for any single element of damages.

not comply with the affidavit requirement of section 18.001 of the Texas Civil Practices and Remedies Code, and in the absence of comporting affidavits, they are required to use expert testimony to prove their medical expenses were reasonable and necessary. Whitaker is correct. A claim for past medical expenses must be supported by evidence that such expenses were reasonable and necessary as a result of the injury. *See Texarkana Mem'l Hosp., Inc. v. Murdock*, 946 S.W.2d 836, 840 (Tex.1997). A default judgment does not relieve a plaintiff of this burden. *Jackson*, 77 S.W.3d at 902–03. A plaintiff can prove reasonableness and necessity of past medical expenses through (1) expert testimony on the issues of reasonableness and necessity or (2) an affidavit prepared and filed in compliance with section 18.001 of the Texas Civil Practice and Remedies Code. *Texarkana Mem'l Hosp., Inc.*, 946 S.W.2d at 840. Because the Roses only offered documentary evidence, they must meet the requirements of section 18.001. Section 18.001 provides:

> (b) Unless a controverting affidavit is filed as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.
>
> (c) The affidavit must: (1) be taken before an officer with authority to administer oaths; (2) be made by: (A) the person who provided the service; or (B) the person in charge of records showing the service provided and charge made; and (3) include an itemized statement of the service and the charge.

TEX. CIV. PRAC. & REM.CODE ANN. § 18.001(b)-(c) (Vernon 1997).

The documentary evidence accompanying Lois's affidavit includes medical records, doctors' reports, pain assessment reports, and an itemized statement of services rendered and charges incurred. The doctors' reports consist of one report from an osteopathic physician and a second report from a radiologist.

This evidence does not satisfy the requirements set forth by section 18.001 because neither of these reports are affidavits. An affidavit is a statement of facts sworn to as the truth before an officer authorized to administer oaths. *See* TEX. GOV'T CODE ANN. § 312.011(1) (Vernon 2005). These doctors' reports are statements of facts about the medical care provided to Lois and John III, but they were not under oath, and therefore, they do not satisfy the affidavit requirement of section 18.001. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE ANN. § 18.002(a)-(b) (Vernon 1997) (example forms of affidavits for doctor or custodian of records evidencing the basic requirements of section 18.001). Accordingly, we find that there is legally insufficient evidence to support an award for reasonable and necessary medical care in the past as to Lois and John, III.

■ Likewise, there is no evidence of the following elements of damage for which Lois and John, III sought recovery:

(1) reasonable and necessary medical care in the future,

(2) past physical impairment,

(3) physical impairment which, in all reasonable probability, will be suffered in the future,

(4) past mental anguish, and

(5) future mental anguish.

■ Furthermore, there is no evidence as to the following elements of damage for which Lois sought recovery:

(1) lost earnings which, in all reasonable probability, will be suffered in the future,

(2) past loss of consortium, and

(3) past loss of household services.

In addition, there is no evidence as to the following elements of damage for which John, Jr. sought recovery:

(1) past loss of consortium,

(2) reasonable and necessary medical care in the past, and

(3) reasonable and necessary medical care in the future.

## B. Separability of Damages

In his third issue, Whitaker asserts he is entitled to a new trial because the judgment fails to distinguish between reversible and non-reversible damages. In support of his argument, Whitaker cites Rule 44.1(b) of the Texas Rules of Appellate Procedure and this court's decision in *Jackson v. Gutierrez*, 77 S.W.3d 898, 903–04 (Tex.App.-Houston [14th Dist.] 2002, no pet.).

In *Jackson*, this court held that if a default judgment makes a single damage award based on more than one damage element and if there is no evidence to support the award as to one of the elements upon which the award is based, then this court must reverse and remand as to the entire award, even though one of the other elements might be sufficient to support the award.[3] *See id.* (citing Tex.R.App. P. 44.1(b)). In *Jackson*, the trial court awarded a single amount for mental anguish and pain and suffering. *Id.* On appeal, the evidence of mental anguish was held legally insufficient, and the record did

not provide "any means" of distinguishing the amount awarded for mental anguish from that awarded for pain and suffering. *Id.* Therefore, the *Jackson* court concluded that "even if an award for pain and suffering was supported by the evidence, the precise amount of damages could not be determined. We therefore must also reverse the pain and suffering award." *Id.*

In the instant case, as in *Jackson*, there is no evidence of at least one possible damage element as to each of the three lump-sum awards. Further, because the trial court did not specify the damage elements it was awarding in its judgment, and the record does not provide any means for distinguishing the amounts awarded for each element of damage, we cannot determine whether the trial court awarded damages based on the elements as to which there is no evidence. Therefore, this court must reverse all of the damage awards and remand the claims for a new trial on unliquidated damages. *See id.; see also Holt Atherton*, 835 S.W.2d at 86 (holding that when appellate court sustains no evidence point after an uncontested hearing on unliquidated damages following no answer default judgment, appropriate disposition is to remand for trial on issue of unliquidated damages). Because there is no evidence of the Roses' damages, we do not reach the issue of causal nexus. *See Morgan*, 675 S.W.2d at 732 ("The causal nexus between the event sued upon and the plaintiff's injuries must be shown by competent evidence."). Accordingly, we sustain appellant's third issue and reverse all of the damage awards and remand the

---

**3.** Our holding in *Jackson* is based on the same principles applied by the Texas Supreme Court in *Crown Life Ins. Co. v. Casteel*, 22 S.W.3d 378, 388 (Tex.2000) (holding the trial court erred in submitting a jury charge which mixed valid and invalid theories of liability in a single broad-form submission, and that such error was harmful because it prevented the appellate court from determining whether the jury based its verdict on an invalid theory of liability).

claims for a new trial on unliquidated damages and causal nexus.

### CONCLUSION

We affirm the trial court's judgment as to liability. We reverse all of the damage awards and remand for a new trial on the issue of damages.