ACCEPTED
03-14-00821-CV
4710355
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/31/2015 1:17:23 PM
JEFFREY D. KYLE
CLERK

**NO. 03-14-00821-CV**

**IN THE TRIAL COURT OF APPEALS**
**THIRD DISTRICT OF TEXAS**
**AUSTIN, TEXAS**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/31/2015 1:17:23 PM
JEFFREY D. KYLE
Clerk

---

**DUONG NHU HA AND D&H RESTAURANT EQUIPMENT**
*Appellants*

**vs.**

**HUNAN RANCH CORPORATION**
*Appellee*

---

**On appeal from the 201st Judicial District**
**Of Travis County, Texas**

---

**APPELLEE'S RESPONSE TO APPELLANT'S BRIEF**

---

Doran D. Peters
State Bar No. 24027615
service@legalstrategy.com
Teresa C. Baker
State Bar No. 24053131
service@legalstrategy.com
HAJJAR PETERS LLP
3144 Bee Caves Rd.
Austin, Texas 78746
Telephone: (512) 637-4956
Facsimile: (512) 637-4958
ATTORNEYS FOR APPELLEE

Dated: March 30, 2015

## IDENTITY OF PARTIES AND COUNSEL

Appellants:                          Duong Nhu Ha and D&H Restaurant Equipment

Attorney for Appellants:             Frank C. Brame
                                     State Bar No. 24031874
                                     VINSON & ELKINS LLP
                                     2001 Ross Ave. Suite 3700
                                     Dallas, Texas 75201
                                     Telephone: (214) 220-7818
                                     Facsimile: (214) 999-7818
                                     fbrame@velaw.com

                                     Janice L. Ta
                                     State Bar No. 24075138
                                     Michelle Arishita
                                     State Bar No. 24092048
                                     VINSON & ELKINS LLP
                                     2801 Via Fortuna, Suite 100
                                     Austin, Texas 78746
                                     Telephone: (512) 578-8402
                                     Facsimile: (512) 236-8239
                                     jta@velaw.com
                                     marishita@velaw.com

Appellee:                            Hunan Ranch Corporation

Attorney for Appellee:               Trial and Appellate Counsel:
                                     Doran D. Peters
                                     State Bar No. 24053131
                                     Teresa C. Baker
                                     State Bar No. 24053131
                                     HAJJAR PETERS, LLP
                                     3144 Bee Caves Road
                                     Austin, Texas 78746
                                     Telephone: (512) 637-4956
                                     Facsimile: (512) 637-4958
                                     service@legalstrategy.com

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ……………………………………………… ii

TABLE OF CONTENTS………………………………………………………………iii

INDEX OF AUTHORITIES………………………………………………… v

STATEMENT OF THE CASE ………………………………………………… 1

ORAL ARGUMENT UNNECESSARY ………………………………………… 1

ISSUES PRESENTED …………………………………………………………… 1

STATEMENT OF FACTS ……………………………………………………… 2

SUMMARY OF THE ARGUMENT …………………………………………… 5

ARGUMENT…………………………………………………………………… 5

Reply to Issue 1: Appellants have not satisfied the preliminary requirements for a restricted appeal …………………………………………… 5

Reply to Issue 2: There is no error on the face of the record as Hunan Ranch provided sufficient evidence to support the default judgment and there is no requirement of a court reporter's record …………… 6

Reply to Issue 3: There is no error on the face of the record as Hunan Ranch provided sufficient evidence, including an affidavit from Hunan Ranch owner, to support its damages ………………………… 8

Reply to Issue 4: There is no error on the face of the record as the certified record, including pleadings and evidence, provided a causal nexus between Hunan Ranch's claims and its damages……………… 9

Reply to Issue 5: Hunan Ranch proved its damages and therefore is entitled to the awarded attorney's fees …………………………………12

PRAYER …………………………………………………………………13

CERTIFICATE OF COMPLIANCE ………………………………………………………14

CERTIFICATE OF SERVICE ……………………………………………………………14

# INDEX OF AUTHORITIES

## CASES

*Fleming Mfg. Co. V. Capitol Brock, Inc.*, 734 S.W.2d 405, 409
(Tex. App.--Austin 1987, writ ref'd n.r.e ........................................................ 8

*Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 84, 35
Tex. Sup. Ct. J. 881 (Tex. 1992) ................................................................. 7

*Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 732 (Tex. 1984) .................... 6, 8, 10, 11

*Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269 270 (Tex. 1997) ...................... 5

*Southwest Battery Corp. v. Owen*, 131 Tex. 423, 115 S.W.2d 1097 (Tex. 1938) ................. 7

*Stone v. Talbert Operations, LLC,* No. 04-14-00008-CV,
2014 Tex. App. LEXIS 13870, at *1-2.
(Tex. App.—San Antonio, Dec. 31, 2014, no pet.). ............................................... 6

*Tex. Commerce Bank, N.A. v. New*, 3 S.W.3d 515, 516-517 (Tex. 1999) ...................... 6, 7

*Whitaker v. Rose*, 218 S.W.3d 216, 220
(Tex. App. –Houston [14th Dist.] 2007, no pet.) ............................................. 7, 8, 11

## STATUTES AND RULES

TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 ...................................................10

TEX. R. CIV. P. 243 ...............................................................................11

TEX R. APP. P. 30.................................................................................. 5

## STATEMENT OF THE CASE

**Nature of the Case:** This is a restricted appeal in which appellants, Duong Nhu Ha and D&H Restaurant Equipment appeal a default judgment that was granted by the 201st Judicial District Court of Travis County, Texas.

**Course of Proceedings:** Hunan Ranch Corporation sued Ha Duong Nhu and D&H Restaurant Equipment for breach of contract. CR 1-3. On June 30, 2014, Judge Suzanne Covington conducted a bench trial on liability and damages. Judge Covington granted the default judgment against Ha Duong Nhu and D&H Equipment. CR 9-11.

**Trial Court:** 201st Judicial District Court of Travis County, Texas.

## ORAL ARGUMENT UNNECESSARY

The dispositive issues in this case are unremarkable and controlled by well settled law. The briefs and the record in this case adequately present the facts and legal arguments and, because of the foregoing, oral argument will not aid the Court in its decision on this case. However, if the Court determines oral argument to be appropriate, Appellee will appear and participate.

## ISSUES PRESENTED

Reply to Issue 1: Appellants have not satisfied the preliminary requirements for a restricted appeal.

Reply to Issue 2: There is no error on the face of the record as Hunan Ranch provided sufficient evidence to support the default judgment and there is no requirement of a court reporter's record.

Reply to Issue 3: There is no error on the face of the record as Hunan Ranch provided sufficient evidence, including an affidavit from Hunan Ranch owner, to support its damages.

Reply to Issue 4: There is no error on the face of the record as the certified record, including pleadings and evidence, provided a causal nexus between Hunan Ranch's claims and its damages.

Reply to Issue 5: Hunan Ranch proved its damages and therefore is entitled to the awarded attorney's fees.

## STATEMENT OF FACTS

First and foremost, Appellee disagrees with some of the statements included in Appellant's "Statement of Facts." Appellant includes "facts" which are nowhere in the certified record. Although, Appellants cite to several portions of the record in connection with its presentation of facts, these cited portions do not actually support Appellants' statements. These unsupported "facts" are pointed out and discussed below.

In November of 2013, parties[1] entered into an agreement whereby Defendants would manufacture and install a commercial wok at Appellee's restaurant. (Certified Record "CR" 2 and 17). The wok that was to be provided by Appellants was to replace the existing wok at Appellee's restaurant. (CR 2 and 17). All parties were aware that the wok was critical to the operation of Appellee's restaurant. (CR 2, 17-18). Parties agreed that the new wok would be completed and installed no later than December 26, 2013. (CR 2, 18).

Appellee followed-up with Appellants on or about December 19, 2013, to confirm that the new wok would be ready for installation by December 26, 2013. (CR 18).

[1] The terms "parties" is used to collectively refer to Hunan Ranch Corporation, Ha Duong Nhu and D&H Restaurant Equipment.

However, during this conversation, Appellee was informed that there was a delay and the new wok would not be ready until January 8, 2014. (CR-18). Appellants stated that the parties agreed to delay delivery so that the installation of the new wok range would coincide with some anticipated renovations at the restaurant, however, Appellants' cite to the certified record includes no such facts. (Appellants' Brief pg. 3). On or about January 4, 2014, Appellee spoke with Appellants wherein Appellants confirmed that the new wok would be ready for installation on January 8, 2014. (CR 18).

In order to perform renovations on Appellee's restaurant, including installation of the new wok, Appellee closed its restaurant on January 6, 2014, with the intention of reopening on January 9, 2014. (CR 18). Again, in Appellants' Brief they disingenuously include facts that are not in the record, and state that "Mr. Chen asked third-party contractors to remove the old wok range in order to repair a wall; these contractors never reinstalled the old wok range after the renovations were completed." (Appellants' Brief pg. 4). January 8, 2014, came and went with no wok delivered by Appellants. (CR 18). Appellee contacted Appellants following the non-delivery and was told that the wok would be ready on January 11, 2014. (CR 18). On January 11, 2014, Appellants again failed to deliver the new wok and did not answer Appellee's calls concerning the non-delivery of the wok. (CR 18).

Appellants finally contacted Appellee on January 14, 2014, and reported that the new wok was still not ready. (CR 18). Due to the non-delivery of the new wok, Appellee

was forced to have Appellants install the old wok. (CR 18). On January 16, 2014, Appellants installed the old wok and Appellee was able to open for dinner on January 17, 2014. (CR 18).

On or about February 18, 2014, Appellee corresponded with Appellants and requested that the new wok be delivered by February 20, 2014. (CR 18). Furthermore, Appellee pointed out to Appellants that the failure to deliver and install the new wok caused the Appellee thousands of dollars in damages. (CR 18). Appellants finally delivered the new wok on March 28, 2014, more than 90 days after the expected delivery date. (CR 18). Here again, in Appellants' Brief they include the "facts" that Mr. Ha drove to Austin to install the old commercial wok while the new one was being refurbished and that Mr. Ha worked overnight to install the new wok. (Appellants' Brief pg.4). Again, Appellants cite to the record in an attempt to mislead the Court, but these "facts" are nowhere in the record.

Appellee sued Appellants for breach of contract. (CR 1-3). Appellants were served with citation and Plaintiff's Original Petition on March 29, 2014. (CR 5-8). In Appellants' Brief, they again insert unsupported facts concerning service of process and communications surrounding same. (Appellants' Brief pgs. 4-5). Appellants did not file an answer and on June 30, 2014, a bench trial was held on liability and damages and a default judgment was granted. (CR 9-11). The final judgment granted Appellee damages in the total amount of $38,663.81, plus interest, as well as attorney's fees in the amount of $6,693.75. (CR 9-10).

## SUMMARY OF THE ARGUMENT

The trial court correctly issued a default judgment against Appellants. In order to prevail on a restricted appeal, Appellants must be able to show that error is apparent on the fact of the record. Appellants argue that there is lack of evidence to support the default judgment, because of lack of exhibits and a court reports record. However, there is sufficient evidence to support the default judgment in the pleadings, including the affidavit of John Chen. Although Appellants cite to the affidavit of John Chen for support of their "facts" on at least twelve (12) occasions throughout their Appellants' Brief, they fail to acknowledge that the affidavit is in fact sufficient evidence to support the no-answer default judgment found by the trial court.

Appellee filed a lawsuit for breach of contract and damages. After Appellants were served and failed to file an answer, Appellee obtained a no-answer default judgment. The judgment was based upon the pleadings and evidence, which are included in the certified record. Accordingly, the trial court correctly found on liability and damages against Appellants and properly granted the default judgment.

## ARGUMENT

**Reply to Issue 1:   Appellants have not satisfied the preliminary requirements for a restricted appeal.**

In order to prevail on their restricted appeal, Appellants are required to show the following: (1) they filed a notice of appeal within six months after the judgment was signed; (2) they were a party to the underlying lawsuit; (3) they did not participate in the hearing

that resulted in the judgment complained or and did not timely file any post judgment motions or requests for findings of fact and conclusions of law; and (4) the error about which Appellants complain is apparent from the face of the record. Tex R. App. P. 30; *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269 270 (Tex. 1997).

Appellee agrees with Appellants that they have established the first three elements. However, Appellee disagrees with Appellants that there is error apparent from the face of the record. The error must appear on the face of the record. *Id*. As discussed in greater detail below, there is sufficient evidence in the record to support a default judgment on liability and damages, and therefore, the trial court was correct in issuing the final judgment.

**Reply to Issue 2:** **There is no error on the face of the record as Hunan Ranch provided sufficient evidence to support the default judgment and there is no requirement of a court reporter's record.**

Hunan Ranch presented evidence to support liability and damages, through the affidavit of Hunan Ranch owner John Chen. Appellants incorrectly states that Hunan Ranch failed to present evidence to support the calculations of its unliquidated damages, because certain exhibits were not entered into the record. What Appellants fail to address, is that the affidavit evidence provides all the necessary evidence, with or without the exhibits. Appellants are aware that the affidavit is included in the record, as they cite to it on numerous occasions throughout their brief.

In our case, which is a no-answer default judgment, judgment can be entered on the pleadings alone, and all facts properly plead are deemed admitted. *Morgan v. Compugraphic*

*Corp.*, 675 S.W.2d 729, 732 (Tex. 1984). Defendant's liability for all pleaded causes of action is conclusively established and all allegations of fact in the petition, except the amount of unliquidated damages, are deemed admitted. *Id* at 731-32. In the case of a no-answer default judgment, a court may award damages based on affidavits. *Tex. Commerce Bank, N.A. v. New*, 3 S.W.3d 515, 516-517 (Tex. 1999).

In the present case, Appellee establishes allegations of fact in its Original Petition, and subsequently establishes unliquidated damages in the Affidavit of John Chen. (CR 1-3, 17-19). Appellants never claim that the original petition or affidavit of John Chen is invalid or not part of the record, they only state that the exhibits to the affidavit were not in the record. The pleadings and the affidavit of John Chen include sufficient facts and testimony on liability and damages, and therefore there is evidence in the record to support the trial court's judgment.

Appellant also erroneously argues, that there is error apparent on the face of the record because no reporter's record was taken of the default judgment proceedings. In support of their position, Appellants rely on *Stone v. Talbert Operations, LLC*, in which the court held "error [was] apparent on the face of the record" because "no reporter's record was taken of the trial court's evidentiary hearing resulting in the no-answer default judgment." No. 04-14-00008-CV, 2014 Tex. App. LEXIS 13870, at *1-2. (Tex. App.—San Antonio, Dec. 31, 2014, no pet.). In Appellants' Brief, they disingenuously represent to the court that the *Stone* case has "similar facts" to our case, which is not true. Specifically,

unlike our case -- in which there is an affidavit, the *Stone* case had only the petition and no affidavits.

Our case is distinguishable from *Stone* in that in our case an affidavit was entered into evidence and is in the certified record. (CR 17-19). In *Whitaker v. Rose*, Appellees provided the trial court with affidavits in support of their damages. 218 S.W.3d 216, 220 (Tex App. – Houston [14th Dist.] 2007, no pet). The Court in *Whitaker* found that the lack of a reporter's record in an appeal from a no-answer default judgment does not constitute error on the face of the record. *Id.* Similarly, in our case, John Chen provided an affidavit which included sworn testimony on the breach of contract and damages. Therefore, no reporter's record of the default hearing was required as argued by Appellants.

**Reply to Issue 3:** **There is no error on the face of the record as Hunan Ranch provided sufficient evidence, including an affidavit from Hunan Ranch owner, to support its damages.**

Through the affidavit of John Chen, Hunan Ranch provided sufficient evidence of damages. Recovery of lost profits does not require that the loss be susceptible to exact calculations. *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 84, 35 Tex. Sup. Ct. J. 881 (Tex. 1992). The amount of loss must be shown with reasonable certainty by competent evidence. *Southwest Battery Corp. v. Owen*, 131 Tex. 423, 115 S.W.2d 1097 (Tex. 1938). Unliquidated damages can be proved up through an evidentiary hearing or with affidavits. *Texas Commerce Bank, Nat'l Ass'n*, 3 S.W.3d at 515.

In our case, we have an affidavit from one of Appellee's owners and directors. (CR 17-19) In this affidavit, he clearly establishes the timeline of Appellants' breach and the effect of Appellants' breach. Specifically, through Appellee's Original Petition and the affidavit of John Chen, Appellee clearly establish that Appellants' breach caused Appellee's restaurant to be closed for 8.5 days. (CR 1-3 and 17-19). Furthermore, competent evidence is provided by John Chen, that the damages total $38,663.81. (CR 19). This was calculated on a per day basis and is not excessive. (CR 19). Furthermore, the $670.00 in voids and credits due to the faulty old wok is also competent evidence, established by the testimony of the owner of Hunan Ranch. (CR 19).

**Reply to Issue 4:** **There is no error on the face of the record as the certified record, including pleadings and evidence, provided a causal nexus between Hunan Ranch's claims and its damages.**

Again, in Appellants arguments concerning the causal nexus, they continue to intentionally confuse the Court by citing to the record, wherein the information cited does not exist. We will point this out during the course of Appellee's argument.

In a no-answer default judgment, all facts properly plead are deemed admitted. *Morgan*, 675 S.W.2d at 732; *Whitaker*, 218 S.W.3d at 220. If the facts set out in the petition allege a cause of action, a default judgment conclusively establishes the defendant's liability. *Morgan*, 675 S.W.2d at 731. In *Fleming Mfg. Co. V. Capitol Brock, Inc.*, the court stated, "We cannot on one hand articulate the rule that a party admits all factual allegations concerning liability when he fails to answer, and then allow such a party to nonetheless contest its

liability on remand by arguing that the liability and damages issues are inextricably intertwined." 734 S.W.2d 405, 409 (Tex. App.--Austin 1987, writ ref'd n.r.e.). Appellee properly plead in its Original Petition that there was an agreement between Appellee and Appellants whereby Appellants would deliver and install a commercial wok at Plaintiff's restaurant. (CR 2). Appellee further plead that the wok was to replace the existing wok and all parties knew that the wok was critical to the operation of Plaintiff's restaurant. (CR 2). Further, in its Original Petition, Appellee stated that the parties agreed the wok would be completed and installed no later than December 26, 2013, however, Appellants failed to timely manufacture and install the wok. (CR 2). Appellee sued Appellants for breach of contract based upon the failure to timely manufacture and install the wok. (CR 2). There is clearly a causal nexus between the breach of contract and Appellee's damages.

Furthermore, in the affidavit of John Chen, Appellee reiterates the facts plead in Appellee's Original Petition, as well as additional facts and damages associated with Appellants breach. John Chen, one of the owners and directors of Hunan Ranch, clearly establishes that there was an agreement for Appellees to manufacture and install a new commercial wok at Hunan Ranch. (CR 17). The new wok was to replace the existing wok at Hunan Ranch, and the installation was to occur no later than December 26, 2013. (CR 17-18). Appellants did not have the new wok ready for the December 26, 2013 deadline, but represented on at least two occasions, that the new wok would be ready on January 8, 2014. (CR 18). John Chen further explained in his affidavit that the installation of the new wok

was to coincide with the renovations at Hunan Ranch. *Id.* Appellants did not show up to install the new wok on January 8, 2014. *Id.* Appellee contacted Appellants following Appellants failure to deliver and install the wok and were told the new wok would be ready on January 11, 2014. Id. However, on January 11, 2014, Appellants did not deliver the new wok and did not answer phone calls from Appellee. *Id*.

Appellee finally delivered and installed the old wok on January 16, 2014 and Appellee was able to open its restaurant for dinner on January 17, 2014. (CR 18). In their brief, Appellants state that the old wok range was not removed because of any defects, which is stated nowhere in the certified record. (Appellants' brief pg. 24). Further with no support, Appellants state that it was due to third-party contractors of Appellees that the old wok was not installed. *Id.* Appellants, with through not support in the certified record, though they misleadingly cite to the certified record, attempt to place the blame one a third party. However, through the affidavit of John Chen, which is actually part of the certified record, Appellee very clearly stated that the delay in opening the restaurant was caused by Appellants failure to deliver and install the new wok. (CR 18). Specifically, John Chen testifies, "Due to Defendants' failure to deliver and install the new wok, there was a delay of 8.5 (January 9, 2014 through dinner on January 17, 2014) between the expected date of installation of the new wok and the re-installation of the old wok." (CR 18-19). There is clearly no doubt as to the cause of the breach and damages. Appellee further properly pleads

that due to the delay in the delivery of the wok, Appellee suffered damages in the amount of $37,993.81. (CR 19).

Appellants correctly state that a plaintiff must prove two causal nexuses: (1) between the defendant's conduct and the event sued upon and (2) between the event sued upon and the plaintiff's injury. *Morgan*, 675 S.W. 2d at 731. As discussed above, Appellee has provided proof of both of these nexuses. The facts plead in both the affidavit and Original Petition are more than enough to establish both the causal nexuses. The facts plead by Appellee have been properly plead and therefore admitted.

**Reply to Issue 5:  Hunan Ranch proved its damages and therefore is entitled to the awarded attorney's fees.**

Hunan Ranch has proved there was a breach of contract by Appellants and damages stemming from same. Therefore, as plead in Appellee's Original Petition and granted by the court, Appellee's are entitled to attorney's fees. (CR 1-3, 9-11). Under TEX. CIV. PRAC. & REM. CODE ANN. § 38.001, a person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for: (8) an oral or written contract. Appellee has alleged and proved a breach of contract in its Original Petition, as well as through the affidavit of John Chen. (CR 1-3 and 17-19). In a no-answer default judgment, all facts properly plead are deemed admitted. *Morgan*, 675 S.W.2d at 732; *Whitaker*, 218 S.W.3d at 220. Therefore, Appellee has plead and proved its claim for breach of contract.

Additionally, Appellee has proven a causal nexus between the breach of contract and the Appellee's injuries. Specifically, Appellee has stated in both its Original Petition and affidavit of John Chen, that there was an agreement that was breached. (CR 1-3 and 17-19). Additionally, Appellee established that due to Appellants' breach and failure to timely deliver the new wok, Appellee suffered damages. Appellee provided evidence to support its claim for unliquidated damages. An affidavit does satisfy the requirements of Tex. R. Civ. P. 243.

Since Appellee was able to prove a breach of contract and damages associated with the breach of contract, Appellee is entitled to the awarded attorney's fees.

## PRAYER

Because Hunan Ranch Corporation properly filed its Original Petition and provided sufficient evidence of liability and damages, which is supported by the certified record. Appellants failed to meet their burden for a restricted appeal by failing to prove there was error on the face of the record. Accordingly, Appellee asks this Court to affirm the trial court's judgment. Furthermore, Appellee asks that attorney's fees be awarded for the appeal in the amount of $15,000.00 as awarded in the Final Judgment.

Respectfully Submitted,

HAJJAR PETERS, LLP
3144 Bee Caves Road
Austin, Texas 78746
Telephone: (512) 637-4956
Facsimile: (512) 637-4958

By: /s/ Teresa C. Baker
Doran D. Peters
State Bar No. 24027615
Teresa C. Baker
State Bar No. 24053131
Service@legalstrategy.com
ATTORNEYS FOR APPELLEE

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing documents contains approximately 4,081 words, in compliance with TEX. R. APP. P. 9.4(i).

/s/ Teresa C. Baker
Teresa C. Baker

## CERTIFICATE OF SERVICE

I certify by my signature that a true and correct copy of this pleading has been served via the method indicated below, pursuant to the Texas Rules of Civil Procedure 21 and 21a, to the person(s) noted below on this the 30th day of March, 2015:

Janice L. Ta
Michelle Arishita
Frank C. Brame
VINSON & ELKINS LLP
2801 Via Fortuna, Suite 100
Austin, Texas 78746
*jta@velaw.com*
*marishita@velaw.com*
*fbrame@velaw.com*

/s/ Teresa C. Baker
Teresa C. Baker