**Petition for Writ of Mandamus Denied and Opinion filed October 27, 2020.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-20-00579-CV**

---

**IN RE LIBERTY COUNTY MUTUAL INSURANCE COMPANY, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**190th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-82275**

---

## OPINION

On August 21, 2020, relator Liberty County Mutual Insurance Company filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Beau A. Miller, presiding judge of the 190th District Court of Harris County, to set aside his May 19, 2020 order striking Liberty's counter-affidavits. We deny the petition.

## BACKGROUND

Darryl Shackelford alleges that, on June 13, 2015, he was traveling eastbound on State Highway 225, when Roberto Choleva, who was also traveling eastbound on State Highway 225, lost control of his vehicle and collided with the concrete median on the left shoulder. Choleva spun out across the main lanes and struck Shackelford, forcing Shackelford's vehicle across the highway and into the median. Shackelford's vehicle ricocheted back onto the main lanes of the highway. Another driver, Daniel Hernandez, who was also traveling eastbound on State Highway 225, failed to control his speed and collided with Shackelford. Shackelford settled his claims with Choleva and Hernandez.

Shackelford had uninsured/underinsured motorist ("UIM") coverage with Liberty, but Liberty failed to pay Shackelford UIM benefits. Shackelford sued Liberty for breach of contract and violations of the Texas Insurance Code.

Shackelford filed its notice of filing of 32 business record affidavits in the trial court. In response, Liberty filed its notice of filing of 12 counter-affidavits. On May 4, 2020, Shackelford moved to strike Liberty's counter-affidavits, and Liberty responded to the motion. On May 19, 2020, the trial court held a hearing and signed the order granting Shackelford's motion, striking all of Liberty's counter-affidavits.

## STANDARD OF REVIEW

Ordinarily, to be entitled to a writ of mandamus, the relator must show that the trial court clearly abused its discretion, and that the relator lacks an adequate remedy by appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (original proceeding) (per curiam). A trial court clearly abuses its discretion if it reaches a

2

decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302–03 (Tex. 2016) (orig. proceeding) (per curiam); *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). Because this balance depends heavily on circumstances, it must be guided by analysis of principles rather than simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding).

### ANALYSIS

Liberty asserts that (1) the trial court abused its discretion by striking each of Liberty's counter-affidavits and (2) Liberty lacks an adequate remedy by appeal.

## I.     Section 18.001 of the Texas Civil Practice and Remedies Code

A claim for past medical expenses must be supported by evidence that such expenses were reasonable and necessary as a result of the injury. *Whitaker v. Rose*, 218 S.W.3d 216, 223 (Tex. App.—Houston [14th Dist.] 2007, no pet.). A plaintiff can prove reasonableness and necessity of past medical expenses through (1) expert testimony or (2) an affidavit prepared and filed in compliance with section 18.001 of the Texas Civil Practice and Remedies Code. *Id.*

Section 18.001(b) provides:

Unless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that

3

the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary. The affidavit is not evidence of and does not support a finding of the causation element of the cause of action that is the basis for the civil action.

Tex. Civ. Prac. & Rem. Code Ann. § 18.001(b). The affidavits are not conclusive but may be controverted by a competing affidavit. *Gunn v. McCoy*, 554 S.W.3d 645, 672 (Tex. 2018).

If an opposing party intends to controvert a claim shown by the plaintiff's section 18.001 affidavit, the opposing party must serve a counter-affidavit. Tex. Civ. Prac. & Rem. Code Ann. § 18.001(f). The counter-affidavit must give reasonable notice of the basis on which the party filing it intends to controvert the claim reflected by the initial affidavit and must be taken before a person authorized to administer oaths. *Id.* Furthermore, the counter-affidavit must be made by a person who is qualified—by knowledge, skill, experience, training, education, or other expertise—to testify in contravention of all or part of any of the matters contained in the initial affidavit. *Id.* By filing a proper controverting affidavit, the opposing party can force the offering party to prove reasonableness and necessity by expert testimony at trial. *Hong v. Bennett*, 209 S.W.3d 795, 801 (Tex. App.—Fort Worth 2006, no pet.).

## II.    Adequate Remedy by Appeal

Liberty claims that it does not have an adequate remedy by appeal because it will lose the substantial right of presenting evidence at trial to contradict Shackelford's affidavits. Liberty also asserts that public and private resources will be wasted on an improper proceeding that will be reversed on appeal.

4

The Twelfth Court of Appeals, the first court to address whether a party whose counter-affidavit has been stricken has an adequate remedy by appeal, held that the relators in that case did not have an adequate remedy by appeal. *See In re Brown*, No. 12-18-00295-CV, 2019 WL 1032458 (Tex. App.—Tyler, Mar. 5, 2019, orig. proceeding) (mem. op.). The *Brown* court held that the relators would lose substantial rights if the trial court's error in improperly striking a counter-affidavit was not addressed until appeal, after trial. *Id.* at *5. Because the section 18.001 affidavit provides for the exclusion of evidence to the contrary in the absence of a properly filed counter-affidavit, the relators would be prevented from presenting evidence that contradicted the affidavits of the plaintiff's medical providers. *Id.* The court explained that the relators could (1) make arguments contesting the plaintiff's affidavits during opening statements and closing arguments; (2) cross-examine the plaintiff about his injuries and prior medical conditions; and (3) introduce corresponding medical records because a section 18.001 affidavit does not establish conclusive evidence of the reasonableness or necessity of the charges or the causation of corresponding injuries. *Id.*

The *Brown* court, however, concluded that these limited avenues are "a far cry from the rights and protections afforded a party who has filed a proper counter-affidavit." *Id.* The court acknowledged that appellate courts do not usually grant mandamus for the exclusion of evidence but went on to explain that "this case is not as simple as the exclusion of evidence." *Id.* at *6. When a counter-affidavit is stricken and the ruling is the basis of an appeal, the court must determine whether error is harmful—whether the error probably caused the rendition of an improper judgment. *Id.* Prohibiting a defendant from presenting evidence negating the

plaintiff's damages is generally considered harmful error and will result in reversible error and irreversible waste of resources. *Id.* The court held, under "the special, unique circumstances" of that case, that the relators did not have an adequate remedy by appeal. *Id.*

Since *Brown* issued, other courts of appeals considering orders striking counter-affidavits have declined to follow *Brown* and, instead, have held that a relator whose counter-affidavits have been stricken has an adequate remedy by appeal. *See, e.g., In re Savoy*, No. 03-19-00361-CV, — S.W.3d —, 2020 WL 4726591 (Tex. App.—Austin July 30, 2020, orig. proceeding); *In re Parks*, No. 05-19-00375-CV, 2020 WL 774107 (Tex. App.—Dallas Feb. 18, 2020, orig. proceeding) (mem. op.); *In re Flores*, 597 S.W.3d 533 (Tex. App.—Houston [1st Dist.] 2020, orig. proceeding). Liberty acknowledges the split among Texas courts of appeals.

After reviewing decisions from our sister courts, we also decline to follow *Brown* and hold that Liberty has an adequate remedy by appeal. Nothing in the Texas Rules of Civil Procedure or the Texas Rules of Appellate Procedure suggests that on appeal, an appellate court could not cure error, if any, of the trial court's exclusion of the counter-affidavit. *See Flores*, 597 S.W.3d at 536. Striking a counter-affidavit concerning medical expenses does not impair the presentation of a viable claim or defense. *Id.* at 536–37. The compromising of a party's ability to present a viable claim or defense usually occurs in the situation where a trial court's discovery order prevents a party from obtaining discovery that could form the basis of a claim or defense. *Id.* at 537; *see also Savoy*, 2020 WL 4726591, at *6 (explaining that denial of reasonable opportunity to develop merits of case generally

6

has meant denial of discovery, which goes to heart of party's case, or sanctions, which have effect of adjudicating dispute but do not result in rendition of appealable judgment).

Because section 18.001 does not pertain to the necessary causal link between the accident and the alleged injuries, in the absence of a section 18.001 counter-affidavit, a defendant remains free to present evidence that the injuries for which the plaintiff was treated were not caused by the accident. *Parks*, 2020 WL 774107, at *2. The defendant still may make arguments contesting the plaintiff's affidavits during opening statements and closing arguments, cross-examine the offering parties about their injuries and prior medical conditions, and also may introduce corresponding medical records. *Savoy*, 2020 WL 4726591, at *6; *Parks*, 2020 WL 774107, at *2; *Flores*, 597 S.W.3d at 535. Nothing in section 18.001 requires the jury to believe the affiant's testimony. *Flores*, 597 S.W.3d at 535. Uncontroverted affidavits are not conclusive evidence of the reasonableness or necessity of the charges or causation of the corresponding injuries. *Savoy*, 2020 WL 4726591, at *6; *Flores*, 597 S.W.3d at 535. Section 18.001 does not prevent parties whose counter-affidavits have been erroneously stricken from ultimately prevailing at trial. *Flores*, 597 S.W.3d at 537.

The striking of a section 18.001 counter-affidavit is similar to the striking or exclusion of any other expert witness testimony. *Parks*, 2020 WL 774107, at *2; *see also Flores*, 597 S.W.3d at 537 (noting that relators had not offered explanation regarding how exclusion of counter-affidavit differs from case where erroneous ruling requires party to go to trial without star witnesses). Typically, challenges to exclude expert testimony on a particular damage element are reviewed on appeal.

7

*Parks*, 2020 WL 774107, at *2. The ruling excluding the counter-affidavit can be made part of the trial record and an appellate court can correct any error by reversing the trial court's ruling excluding the counter-affidavit. *Flores*, 597 S.W.3d at 537.

Liberty merely faces the non-unique burden of having to adjust its trial strategy to accommodate an adverse evidentiary ruling. *See id.* We conclude Liberty has an adequate remedy by appeal from the trial court's order striking Liberty's counter-affidavits.[1]

## CONCLUSION

Liberty has not established that it is entitled to mandamus relief. Accordingly, we deny Liberty's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Wise and Bourliot.

---

[1] Because we hold that Liberty has an adequate remedy by appeal, it is not necessary to address whether the trial court abused its discretion.